**ÆTNA LIFE INS. CO. v. EATON, Collector of Internal Revenue.**

No. 3324.

District Court, D. Connecticut.

April 9, 1930.

Harry W. Reynolds, of Hartford, Conn., and Wm. Marshall Bullitt, of Louisville, Ky. (Day, Berry & Reynolds, of Hartford, Conn., and Bruce & Bullitt, of Louisville, Ky., of counsel), for plaintiff.

John Buckley, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and E. H. Horton, Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

BURROWS, District Judge.

This is an action at law to recover $376,-340.36, assessed by the government against the plaintiff for taxes for the calendar years 1923 and 1924 on federal, state, and municipal bonds, and paid by the plaintiff to the government under the provisions of section 245(a)(2) of the Revenue Acts of 1921 and Revenue Act 1924, 26 USCA § 1004(a)(2).

In 1927, when it was finally agreed between the parties as to the taxes to which the defendant was entitled for those years (and the year 1922, with which we are not here concerned), the parties made a "closing agreement" under the authority and in pursuance of section 1106(b) of the Revenue Act of 1926 (44 Stat. 113, 26 USCA § 1249, note), which provides as follows:

"Sec. 1106 * * * (b) If after a determination and assessment in any case the taxpayer has paid in whole any tax or penalty, or accepted any abatement, credit, or refund based on such determination and assessment, and an agreement is made in writing between the taxpayer and the Commissioner, with the approval of the Secretary, that such determination and assessment shall be final and conclusive, then (except upon a showing of fraud or malfeasance or misrepresentation of fact materially affecting the determination or assessment thus made) (1) the case shall not be reopened or the determination and assessment modified by any officer, employee, or agent of the United States, and (2) no suit, action, or proceeding to annul, modify, or set aside such determination or assessment shall be entertained by any court of the United States."

On June 4, 1928, the Supreme Court in National Life Insurance Company v. United States, 277 U. S. 508, 48 S. Ct. 591, 72 L. Ed. 968, held that section 245(a)(2), in so far as it applied to federal, state, and municipal bonds, is unconstitutional. Hence this suit to recover said amount so paid on such securities held by the plaintiff.

This action is brought under Judicial Code, § 24, as amended (28 USCA § 41), giving original jurisdiction to the District Courts. The defendant enters a demurrer to the complaint on the grounds that the matters alleged therein do not constitute a cause of action; that said assessment is final and conclusive by reason of the closing agreement in pursuance of section 1106(b); and that this court is without jurisdiction because of the provision of clause 2, section 1106(b). It is conceded that there is no "showing of fraud or malfeasance or misrepresentation of fact materially affecting the determination or assessment thus made."

Considering the question of jurisdiction raised by the demurrer: If Congress had intended by the language "determination and assessment" in the above section that it apply to the *amount* assessed only, and that subsection 2 prohibit the court from entertaining a suit to annul, modify, or set aside the assessment only on the ground that the amount is incorrect, it would have so stated. But this section is not so restrictive as to mean the amount of the assessment only, but is all-embracing in its scope. It is apparent from the language that it was the intent of Congress to give both parties the authority, and if they chose to exercise it to seal with finality any particular assessment. If it were the intent that the question of the legality of a taxing statute be without the section, it would have excepted it with the other exceptions mentioned therein.

Congress has the inherent right to name the conditions under which a suit may be brought, and under which it is prohibited, whereby the government is affected either by the suit itself or any judgment obtained; especially where it pertains to internal revenues. See Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965. The prohibition in subsection 2 is a limitation on the powers granted under the Judicial Code, § 24, as amended, and deprives the court of jurisdiction.

The demurrer is sustained. Let an order be submitted accordingly.