## BANKERS' RESERVE LIFE CO. v. UNITED STATES.

### No. K–408.

Court of Claims.
June 16, 1930.

Charles Kerr, of Washington, D. C. (James H. Adams, of Omaha, Neb., and John J. Esch, A. K. Shipe, and Esch, Kerr, Wooley, Newton & Shipe, all of Washington, D. C., on the brief), for plaintiff.

Edward H. Horton and Lisle A. Smith, both of Washington, D. C., and Charles P. Sisson, Asst. Atty. Gen. (Charles F. Kincheloe, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, and GREEN, Judges.

On Demurrer.

LITTLETON, Judge.

This suit was instituted to recover $27,-727.71, the entire amount of income tax assessed, collected, and paid for the year 1924 under the provisions of sections 242 to 245, inclusive, of the Revenue Act of 1924 (26 USCA § 1001 note and §§ 1002–1005).

Plaintiff is a life insurance company organized under the laws of the state of Nebraska, with office and place of business at Omaha.

It was assessed and paid income tax for the calendar year 1924 of $27,727.71, of which $1,200.40 represented additional tax interest thereon of $174.36. The additional tax and interest were paid January 17, 1928.

The aforementioned tax was determined, assessed, and collected for 1924 under section 245(a) (2) of the Revenue Act of 1924 (26 USCA § 1004(a) (2) and in accordance with the provisions of Treasury Regulations 65, art. 681. In so determining and assessing the tax in question, the Commissioner of Internal Revenue included in plaintiff's gross income for 1924 the amount of the tax exempt interest of $449,345.36 received by it in that year and diminished the 4 per cent. of the mean of plaintiff's reserve fund of $496,738.05, by the amount of taxable interest received by it. The Commissioner's computation of the tax liability for 1924 is set forth in detail in Exhibit A attached to the petition, which need not be set forth here, but, by reference, is made a part of this finding.

Subsequent to the determination, assessment, and payment of the tax and interest in question, plaintiff and the Commissioner, with the approval of the Secretary of the Treasury, on February 25, 1928, executed an agreement to the final determination and assessment of its tax for the calendar year 1924 under and in pursuance of section 1106(b) of the Revenue Act of 1926 (26 USCA § 1249 note). This agreement was as follows:

"This agreement, made in duplicate under and in pursuance of section 1106(b) of the Revenue Act of 1926, by and between Bankers Reserve Life Company, a taxpayer residing at, or having its principal office or place of business at 19th and Douglas Streets, Omaha, Nebraska, and the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury:

"Whereas there has been a determination and assessment of twenty-seven thousand, seven hundred twenty-seven dollars and seventy-one cents ($27,727.71), as the amount of tax or tax, interest, and penalty due the United States of America from said taxpayer on account of income for the (character of tax) calendar year 1924 (period covered);

"Whereas said taxpayer has paid the amount of tax or tax, interest, and penalty

so determined and assessed, together with all accrued interest or penalty demanded without assessment; and

"Whereas said taxpayer has accepted any abatement, credit, or refund based on such determination and assessment, and has accepted the adjustment made with respect to any and all claims filed in connection therewith;

"Now, this agreement witnesseth, that said taxpayer and said Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, hereby mutually agree that such determination and assessment shall be final and conclusive.

"In witness whereof the above parties have subscribed their names to these presents in duplicate."

At the time the foregoing agreement was executed, plaintiff did not know that the National Life Insurance Company had begun an action on July 15, 1925, contesting the validity of section 245(a) (2) of the Revenue Act of 1921 (42 Stat. 261), nor did it know at the time of the execution of the agreement that said action was pending in the Supreme Court of the United States.

The petition in this case was filed September 3, 1929.

June 4, 1928, the Supreme Court of the United States in National Life Insurance Co. v. United States, 277 U. S. 508, 48 S. Ct. 591, 72 L. Ed. 968, held that, under section 245(a) (2) of the Revenue Act of 1921, a life insurance company was entitled to deduct from its gross income the full 4 per cent. of the mean of its reserve fund required to be held by law without diminution by the amount of interest received by it from tax exempt securities. Thereafter, on June 12, 1928, plaintiff filed a claim for refund for the amount of $27,553.35, tax, and $174.36, interest, paid, basing its claim on the decision of the Supreme Court in National Life Insurance Co., supra. This claim for refund was denied by the Commissioner of Internal Revenue on August 10, 1928, on the ground that the tax liability of plaintiff was settled by agreement of March 22, 1928, executed under and in accordance with the provisions of section 1106(b) of the Revenue Act of 1926.

Defendant demurs to the petition upon the ground that the facts set forth therein do not constitute a cause of action against the United States and raises the issue whether, under the allegations set forth in the petition and under the agreement of March 22,

1928, this court has jurisdiction to determine this suit and to annul, modify, or set aside the determination and assessment of plaintiff's tax for the year 1924 as made by the Commissioner of Internal Revenue.

It is agreed that, if this court is not precluded from entertaining this suit by the closing agreement of March 22, 1928, executed under the provisions of section 1106(b) of the Revenue Act of 1926, plaintiff is entitled to recover.

Under the decision of the Supreme Court in National Life Insurance Company, supra, plaintiff would be entitled to a deduction of $496,738.05, being 4 per cent. of its mean reserve of $12,418,451.21, which would result in deductions of $228,918.53 in excess of its income.

Plaintiff contends that the decision of the Supreme Court in National Life Insurance Co., supra, in which it was held that section 245(a) (2) of the Revenue Act of 1921, which is the same as section 245 of the Revenue Act of 1924, was unconstitutional, nullified section 1106(b) of the Revenue Act of 1926, involving final settlement agreements theretofore executed by insurance companies, with respect to and to the extent that insurance companies executing such agreements had not been permitted to deduct 4 per cent. of the mean of their reserve funds from their general income, undiminished by the income from their tax exempt securities.

In support of this contention plaintiff argues that Congress alone can authorize the assessment and collection of a tax; that this power cannot be exercised except within the limits of the Constitution and, therefore, any act of Congress which transcends the limitations of the Constitution is void ab initio.

It is further argued that, since section 245(a) (2) was unconstitutional, there was no law in existence which authorized the assessment of the tax against plaintiff, and, since there was no law under which the tax could be imposed, the money paid by it was not in legal contemplation a tax, the agreement signed by plaintiff and the Commissioner, and approved by the Secretary of the Treasury, was never binding in so far as it related to payments made as a tax computed under section 245(a) (2).

The question is whether, in view of the provisions of section 1106(b) of the Revenue Act of 1926, this court has jurisdiction to entertain this suit. This section provides that, if after a determination and assessment in any case the taxpayer has paid in whole any tax, based on such determination and assessment, and an agreement is made in writing between the taxpayer and the Commissioner, with the approval of the Secretary of the Treasury, such determination and assessment shall be final and conclusive, then (except upon a showing of fraud, malfeasance, or misrepresentation of fact materially affecting the determination and assessment thus made) the case shall not be reopened or the determination and assessment modified by any officer, employee, or agent of the United States, and no suit, action, or proceeding to annul, modify, or set aside such determination or assessment shall be entertained by any court of the United States.

We think it is plain, in view of the agreement entered into between the plaintiff and the Commissioner with the approval of the Secretary of the Treasury, that under this section this court is without jurisdiction to entertain this suit. The suit is brought for the express purpose of setting aside the determination and assessment by the Commissioner and to recover the amount paid as tax and interest for the calendar year 1924. This is prohibited by the positive provisions of section 1106(b), and this court has no authority to ignore the provisions of that section. Congress has authority to prescribe the conditions upon which the United States may be sued. It has done so in language that is too clear to admit of doubt, and under the well-established principle that one who institutes a suit against the United States must bring the case within the authority of some act of Congress, or the court cannot exercise jurisdiction over it, plaintiff is precluded from maintaining this action. Ætna Life Insurance Co. v. Eaton, 40 F.(2d) 965, decided by the court for the District of Connecticut on April 9, 1930. There is no showing of fraud, malfeasance, or misrepresentation of fact materially affecting the determination or assessment made in this case, and the plaintiff is in no different situation than it would be if the suit were barred by the statute of limitation. In such a case the illegality of the assessment and collection would be of no assistance to plaintiff.

The purpose of the statute in providing for closing agreements was to enable the taxpayer and the government finally and completely to settle all controversies in respect of the tax liability for a particular year or years and to protect the taxpayer against a further demand by the reopening of a case as a result of a different view of the matter being taken by the government officers or as the result of subsequent court decisions prior

to the expiration of the statute of limitations, and to prevent the filing of additional claims for refund or the institution of suit by the taxpayer for the same reasons. Congress thus expressly authorized the parties by agreement to shorten the period of limitation for the determination, assessment, and collection of a tax and for the filing of claims for refund, abatement, credit, and the institution of suit for the recovery of the amount paid.

The decision of the Supreme Court in National Life Insurance Company Case, so far as concerns the plaintiff's right to maintain this suit, had no effect upon the validity of the provisions of section 1106(b) of the Revenue Act of 1926. The plaintiff can only look to Congress for relief or for authority to maintain a suit for the recovery of any amount assessed and paid as a tax for the calendar year 1924.

The demurrer is sustained, and the petition is dismissed. It is so ordered.

This case was tried before the appointment of WHALEY, Judge. He therefore took no part in its decision.