**WISCONSIN NAT. LIFE INS. CO. v. UNITED STATES.**

**No. K-340.**

Court of Claims.

June 16, 1930.

Charles Kerr, of Washington, D. C. (John J. Esch, A. K. Shipe, and Esch, Kerr, Wooley, Newton & Shipe, all of Washington, D. C., on the brief), for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles P. Sisson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, and GREEN, Judges.

On Demurrer.

LITTLETON, Judge.

Plaintiff brings this suit to recover $2,-116.98, income tax paid for 1923, together with interest on $1,058.49 thereof from March 5, 1924, and $1,058.46 thereof from June 12, 1924, and $6,042.91 income tax paid for 1924, and $5,979.18 income tax paid for 1925, with interest from the several dates when payments aggregating these amounts were made.

The amounts mentioned are alleged to have been erroneously and illegally assessed and collected, and are sought to be recovered under the decision of the Supreme Court in National Life Insurance Co. v. United States, 277 U. S. 508, 48 S. Ct. 591, 72 L. Ed. 968. The amounts in controversy were determined, assessed, collected, and paid under the provisions of sections 242 to 245, inclusive, of the Revenue Act of 1921 (42 Stat. 261), and subsequent Revenue Acts providing for the determination of the net income of life insurance companies.

As to the amounts determined, assessed, and paid as income tax for 1924 and 1925, plaintiff and the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, entered into a closing agreement under the provisions of section 1106(b) of the Revenue Act of 1926 (26 USCA § 1249 note).

As to the year 1923, the Commissioner, upon consideration of a claim for refund and upon audit of the plaintiff's return subsequent to the decision of the Supreme Court in National Life Insurance Company Case, supra, determined that plaintiff had no taxable income for that year and that it had overpaid the amount of $4,933.99 tax and $115.49 interest. He further determined that the refund of $2,116.98 of the total tax paid was barred by the statute of limitation provided in section 284(b) of the Revenue Act of 1926 (26 USCA § 1065(b). The remaining amount of $2,817.01 of the total overpayment, together with interest of $115.49, was refunded and interest thereon of $578.11 was paid.

The defendant demurs to the petition on the ground, first, that the petition fails to

state facts sufficient to constitute a cause of action against the United States; secondly, that the petition fails to state facts sufficient to constitute a cause of action within the jurisdiction of this court.

Plaintiff is a life insurance company organized under the laws of the state of Wisconsin, with its principal office and place of business at Oshkosh.

For the calendar year 1923 plaintiff made an income tax return showing a taxable income of $33,871.91, upon which a tax at 12½ per cent., amounting to $4,233.93, was duly assessed and paid. March 22, 1927, the Commissioner of Internal Revenue determined the taxable income for this year to be $39,471.91 and on April 30, 1927, made an additional assessment of $700.06 and interest of $115.-49, which additional assessment the plaintiff paid. June 21, 1928, plaintiff filed a claim for refund of $5,049.48, being the total tax and interest assessed and paid for 1923, upon the ground that it was not liable for any tax under the decision of the Supreme Court in National Life Insurance Co. v. United States, supra. Upon consideration of plaintiff's claim for refund and upon further audit of the return for this year, in accordance with the decision in the National Life Insurance Company Case, the Commissioner determined that plaintiff had no income subject to tax, and further determined that there had been an overpayment of $4,933.99 tax and $115.49 interest theretofore assessed.

The Commissioner held that $2,116.98, representing two payments of $1,058.49 on March 5, 1924, and $1,058.46 on June 12, 1924, on the tax originally returned and assessed was barred by the statute of limitation contained in section 284(b) of the Revenue Act of 1926. The balance of the original and additional assessments of tax and interest, totaling $2,932.50, was refunded, and interest thereon in the amount of $578.11 was paid.

For the calendar year 1924 plaintiff was assessed a tax of $6,036.47 and interest of $6.44 on a total net income of $48,291.77, which tax and interest were paid.

Included in and treated as a part of plaintiff's gross income for 1924 was interest of $99,394.88 received by it on tax exempt securities. Plaintiff's mean reserve fund for 1924 was $2,574,135.34, 4 per cent. of which amounted to $102,965.41. In accordance with the provisions of the statute and the regulations of the Commissioner of Internal Revenue there was added to and treated as a part of plaintiff's gross income the income

received by it from tax exempt securities, and in determining the net income the Commissioner diminished 4 per cent. of the mean of plaintiff's reserve fund of $102,965.41 by the amount of tax exempt interest received.

For the calendar year 1925 plaintiff was assessed a tax of $5,974.51 and interest of $4.67 on a total net income of $47,796.11.

Included in and treated as a part of plaintiff's income for 1925 was exempt interest of $99,439.24. Plaintiff's mean reserve fund for 1925 was $3,016,710.55, 4 per cent. of which amounted to $120,668.42. In accordance with the provisions of the statute and the regulations of the Commissioner of Internal Revenue there was added to and treated as a part of plaintiff's income the exempt interest, and in determining the net income the Commissioner diminished 4 per cent. of the mean of plaintiff's reserve fund of $120,-668.42 by the amount of the tax exempt interest received during the year.

The assessments for the taxable years in question were made against plaintiff pursuant to section 245(a)(2) of the Revenue Act of 1921 and section 245(a)(2) of the Revenue Act of 1924 (26 USCA § 1004(a)(2).

After the determination and assessment by the Commissioner of the tax and interest due for the years 1924 and 1925, and the payment thereof by the plaintiff, the plaintiff and the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, on September 27, 1927, executed an agreement in respect of the tax and interest for these years under and pursuant to the provisions of section 1106(b) of the Revenue Act of 1926, which agreement was as follows:

"Agreement as to Final Determination and Assessment of Tax.

"This agreement, made in duplicate under and in pursuance of section 1106(b) of the revenue act of 1926, by and between Wisconsin National Life Insurance Company, a taxpayer residing at or having its principal office or place of business at 14–16 Washington Boulevard, Oshkosh, Wisconsin, and the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury:

"Whereas there has been a determination and assessment of twelve thousand twenty-two dollars and nine cents ($12,022.09), as the amount of tax or tax, interest, and penalty due the United States of America from said taxpayer on account of income (character of tax) for the (period covered) years 1924 and 1925;

318

"Whereas said taxpayer has paid the amount of tax or tax, interest, and penalty so determined and assessed, together with all accrued interest or penalty demanded without assessment; and

"Whereas said taxpayer has accepted any abatement, credit, or refund based on such determination and assessment, and has accepted the adjustment made with respect to any and all claims filed in connection therewith;

"Now, this agreement witnesseth, that said taxpayer and said Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, hereby mutually agree that such determination and assessment shall be final and conclusive.

"In witness whereof, the above parties have subscribed their names to these presents in duplicate."

At the time the foregoing agreement was executed plaintiff did not know that the National Life Insurance Company had begun an action on July 15, 1925, contesting the validity of section 245(a)(2) of the Revenue Act of 1921, nor did it know at the time of the execution of the agreement that said action was pending in the Supreme Court of the United States.

On June 4, 1928, the Supreme Court of the United States, in the case of National Life Insurance Co. v. United States, supra, held that under section 245(a)(2) of the Revenue Act of 1921 a life insurance company was entitled to deduct from its gross income 4 per. cent. of the mean of its reserve without diminution by the amount of tax exempt interest received. A computation of plaintiff's income for 1924 and 1925 in accordance with the decision of the court in that case would result in deductions of $51,103.11 and $51,643.13, respectively, in excess of the income for these years.

June 23, 1928, plaintiff filed with the Commissioner of Internal Revenue a claim for refund of the entire tax and interest paid for 1924 and 1925 on the ground that it was not liable for any tax under the decision of the National Life Insurance Company Case. These claims for refund were rejected by the Commissioner August 7, 1928, on the ground that he was precluded from making a refund by the closing agreement of September 27, 1927.

With respect to the years 1924 and 1925, as to which there was a closing agreement under section 1106(b) of the Revenue Act of 1926, the same contentions are made on be-

half of the plaintiff in this case as were made by plaintiff in Bankers Reserve Life Co. v. United States (Ct. Cl.) 42 F.(2d) 313, this date decided. For the reasons stated by the court in the case of Bankers Reserve Life Co., supra, it is held that as to the years 1924 and 1925 the defendant's demurrer is well taken and is sustained.

■ As to the calendar year 1923, there was no closing agreement under the provisions of section 1106(b) of the Revenue Act of 1926, but with respect to plaintiff's right to maintain this suit to recover $2,116.98 of the total tax paid for that year the situation is no different. It is admitted that refund of this amount was barred by the statute of limitation provided in section 284(b) at the time claim for refund was filed, but it is insisted on behalf of plaintiff that section 284(b) of the Revenue Act of 1926, prohibiting a refund of tax unless the claim for refund was filed within the time prescribed by that section (which was not done in this case), can only apply to a tax assessed under a constitutional act and cannot apply to amounts illegally collected and held by the government; that the money which was paid to the government as a tax for 1923 was not a tax, was without consideration, and is now retained by the government without warrant of law; that the government, having admitted that the plaintiff had no taxable income and no tax liability for the year 1923, is now estopped from pleading the statute of limitation as a bar to the plaintiff's right to a refund of the amount in question for that year.

■ These contentions are without merit. The statute of limitation on the right to a refund or to recover an amount assessed and collected as a tax cannot be made to depend upon the question whether there was any legal authority for the assessment and collection. If the plaintiff were correct in its contention in this case, the statute of limitation would be practically of no force or effect. The statute of limitation is jurisdictional in this court, and when it appears, as here, that the time within which a person may bring a suit against the United States has expired, or that plaintiff has not complied with the requirements necessary to give him a right to maintain a suit, this court is without jurisdiction to entertain it. The decision of the Supreme Court in the National Life Insurance Company Case gave life insurance companies that had paid a tax under the provisions of section 245(a)(2) of the Revenue Act of 1921 and subsequent acts containing similar sections no greater right to recover

the tax so paid, and barred by the statute of limitation, than the right which they or other taxpayers had to recover amounts otherwise erroneously or illegally collected, or collected without authority of law.

The demurrer is sustained, and the petition is dismissed. It is so ordered.

This case was tried before the appointment of WHALEY, Judge. He therefore took no part in its decision.