## GREAT SOUTHERN LIFE INS. CO. v. UNITED STATES.

### No. K–422.

Court of Claims.
June 16, 1930.

Charles Kerr, of Washington, D. C. (John J. Esch, A. K. Shipe, and Esch, Kerr, Wooley, Newton & Shipe, all of Washington, D. C., on the brief), for plaintiff.

Edward H. Horton and Lisle A. Smith, both of Washington, D. C., and Charles P. Sisson, Asst. Atty. Gen. (Charles F. Kincheloe, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, and GREEN, Judges.

On Demurrer.

LITTLETON, Judge.

In this suit plaintiff seeks to recover $2,-522.29, income tax alleged to have been erroneously and illegally collected for the year 1926, under the provisions of sections 242 to 245, inclusive, of the Revenue Act of 1926 (26 USCA § 1001 note and §§ 1002–1005), with interest.

Plaintiff bases its right to recover on the decision of the Supreme Court in National Life Insurance Co. v. United States, 277 U. S..508, 48 S. Ct. 591, 72 L. Ed. 968.

There was a closing agreement executed by the plaintiff and the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, under the provisions of section 1106 (b) of the Revenue Act of 1926 (26 USCA § 1249 note).

The defendant demurs to the petition on the ground that it does not state a cause of action within the jurisdiction of the court.

Plaintiff is a life insurance company organized under the laws of the state of Texas with principal office and place of business at Houston.

Under section 245 of the Revenue Act of 1926 (26 USCA §§ 1004, 1005) as interpreted by the Commissioner of Internal Revenue in his regulations, plaintiff made an income tax return showing a net income of $385,115.63 and a tax of $48,139.45, which was assessed and paid in four installments of $12,034.87 on March 16, 1927, and three equal installments of $12,034.86 on June 17, September 16, and December 16, 1927. The Commissioner audited the return and determined the net income to be $429,388.89 and the total tax for the year at 12½ per cent. to be $53,673.61, resulting in a deficiency of $5,534.16, which was assessed. As a result of this assessment plaintiff, on January 12, 1928, paid $5,769.17, $235.01 of the last-mentioned payment being erroneous. The total amount paid by plaintiff on the original and deficiency assessments, including $235.-01 above mentioned, amounted to $53,908.62.

Included in and treated as a part of plaintiff's gross income for 1926 was exempt interest of $5,000 received by it from its tax-exempt securities amounting to $146,520. Plaintiff's mean reserve fund for 1926 was $16,508,888.77, 4 per cent. of which was $660,-355.55. In accordance with the provisions of the statute and the regulations of the Commissioner of Internal Revenue there was added to and treated as a part of plaintiff's gross income the income received by plaintiff from its tax exempt securities, and in determining plaintiff's net income the Commissioner diminished 4 per cent. of the mean of plaintiff's reserve fund of $660,355.55 by the amount of tax-exempt interest received by it.

After the determination and assessment by the Commissioner of $53,673.61 as the amount of tax due from plaintiff for the calendar year 1926 and the payment by plaintiff of $53,908.62, the plaintiff and the Commissioner of Internal Revenue on March 15, 1928, with the approval of the Secretary

of the Treasury, executed an agreement under and pursuant to the provisions of section 1106 (b) of the Revenue Act of 1926, which agreement was as follows:

"Agreement as to Final Determination and Assessment of Tax.

"This agreement, made in duplicate under and in pursuance of section 1106 (b) of the Revenue Act of 1926, by and between Great Southern Life Insurance Company, a taxpayer residing at, or having its principal office or place of business at 401 Louisiana Street, Houston, Texas, and the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury:

"Whereas there has been a determination and assessment of fifty-three thousand, nine hundred eight dollars and sixty-two cents ($53,908.62), as the amount of tax or tax, interest, and penalty due the United States of America from said taxpayer on account of *income* (character of tax) for the *calendar year 1926*. (Period covered);

"Whereas said taxpayer has paid the amount of tax, or tax, interest, and penalty as determined and assessed, together with all accrued interest or penalty demanded without assessment; and

"Whereas said taxpayer has accepted any abatement, credit, or refund based on such determination and assessment, and has accepted the adjustment made with respect to any and all claims filed in connection therewith;

"Now, this agreement witnesseth, That said taxpayer and said Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, hereby mutually agree that such determination and assessment shall be final and conclusive.

"In witness whereof, the above parties have subscribed their names to these presents in duplicate."

At the time the foregoing agreement was executed, plaintiff did not know that the National Life Insurance Company had begun an action on July 15, 1925, contesting the validity of section 245 (a) (2) of the Revenue Act of 1921 (42 Stat. 261), nor did it know at the time of the execution of the agreement that said action was pending in the Supreme Court of the United States.

Subsequently, on June 4, 1928, the Supreme Court of the United States in National Life Insurance Co. v. United States, supra, held that section 245 (a) (2) of the Revenue

Act of 1921 was unconstitutional, and that a life insurance company was entitled to deduct from its gross income the full 4 per cent. of the mean of its reserve fund required to be held by law without diminution by the amount of interest received by it from tax exempt securities. Thereafter, in September, 1928, plaintiff filed a claim for refund of $2,522.29, the ground stated in said claim for refund being that the total tax due upon plaintiff's income determined in accordance with the decision of the Supreme Court in National Life Insurance Company Case would be $2,522.29 less than the amount of $53,673.61 determined and assessed by the Commissioner and paid by the plaintiff as the tax due and owing for the taxable year. The claim for refund was denied by the Commissioner November 3, 1928.

A computation of plaintiff's income for 1926, by allowing as deductions the total amount of the exempt interest of $5,000 and the total of the 4 per cent. of the mean reserve fund, of $660,355.55, in accordance with the decision of the court in National Life Insurance Company Case, together with other deductions not in controversy, would result in a net income of $409,210.58 upon which a tax at 12½ per cent. would be $51,151.32, or $2,522.29 less than $53,673.61 determined and assessed against plaintiff as the tax due and owing for 1926.

The same contentions made on behalf of the plaintiff in Bankers Reserve Life Company v. United States, 42 F.(2d) 313, this date decided are made on behalf of the plaintiff in this case.

The fact that plaintiff paid $235.01 more than the total tax determined and assessed by the Commissioner, and due for the year 1926, and the fact that this amount was included in the total amount specified in the closing agreement of March 15, 1928, does not nullify the entire agreement or give this court jurisdiction to annul, modify, or set aside the determination or assessment of the commissioner. This amount is not in controversy and no claim for refund was filed therefor.

For the reasons stated in Bankers Reserve Life Co. v. United States, supra, the demurrer is sustained and the petition is dismissed. It is so ordered.

This case was tried before the appointment of WHALEY, Judge. He therefore took no part in its decision.