**William J. APLINGTON, as Administrator with the Will Annexed of the Estate of Walter Clark, Deceased,**

v.

**UNITED STATES.**

**No. 375-57.**

United States Court of Claims.

Jan. 14, 1959.

David McNeilly, Peru, Ill., for plaintiff.

H. S. Fessenden, Washington, D. C., with whom was Asst. Atty. Gen., Charles

K. Rice, for defendant. James P. Garland and Lyle M. Turner, Washington, D. C., were on the brief.

JONES, Chief Judge.

This is a suit by the plaintiff as administrator of the estate of Walter Clark, deceased, for a refund of a Federal estate tax.

The primary question is whether a claim for refund was filed within the statutory period as provided in section 910 of the Internal Revenue Code of 1939 as a requirement for maintaining suit.

Walter Clark died on May 28, 1950. Pursuant to the provisions of his will the plaintiff was appointed administrator by the Probate Court of LaSalle County, Illinois, on July 12, 1950.

The administrator filed a Federal estate tax return on August 20, 1951, and paid thereon the estate tax in the sum of $109,888.54 to the Internal Revenue Collector at Chicago, Illinois. A small deficiency tax of $599.07 and interest in the sum of $29.45 was assessed and paid. A claim for refund of the $109,888.54 was filed on June 12, 1956. The plaintiff was notified on February 12, 1957, that the claim for refund of the Federal estate tax was disallowed.

Section 7422(a) of the Internal Revenue Code of 1954 [1] contains a provision to the effect that no suit or proceeding may be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected until a claim for refund or credit had been duly filed according to provisions of law and the regulations issued pursuant thereto.

Section 910 of the Internal Revenue Code of 1939 [2] contained the provisions

1. Internal Revenue Code of 1954:
    Sec. 7422. "Civil actions for refund.
    "(a) *No suit prior to filing claim for refund.*—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrong-

fully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof." [26 U.S.C. (1952 ed., Supp. II) § 7422.]

2. Internal Revenue Code of 1939:
    § 910. *"Period of limitation for filing claims.*—All claims for the refunding of

of law in regard to the filing of claims for refund that were in effect prior to the enactment of the 1954 Code. This section is to the effect that a claim must be filed within three years after the payment of the tax.

The pleadings show, and the parties are in agreement, that the tax was paid on August 20, 1951, and the deficiency on August 21, 1952. The petition alleges that the claim for refund was filed on June 8, 1956. The defendant asserts that the date was June 12, 1956. In any event it is clear that it was filed in June of 1956. Thus more than three years elapsed between the payment of the tax and the filing of the claim for refund.

It has been repeatedly held that the filing of a timely claim for refund is essential to the maintenance of a suit for such refund and that it is not within the province of a court to read out of the statute the specific requirements of the law. United States v. Felt & Tarrant Mfg. Co., 1931, 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; United States v. Garbutt Oil Co., 1938, 302 U.S. 528, 58 S. Ct. 320, 82 L.Ed. 405; Wisconsin National Life Insurance Co. v. United States, 1930, 42 F.2d 316, 70 Ct.Cl. 433; Central Iron & Steel Co. v. United States, 1934, 4 F.Supp. 113, 6 F.Supp. 115, 79 Ct.Cl. 56.

We quote from the opinion in United States v. Felt & Tarrant Mfg. Co., supra, 283 U.S. at page 272, 51 S.Ct. at page 377:

"The filing of a claim or demand as a prerequisite to a suit to recover taxes paid is a familiar provision of the revenue laws, compliance with which may be insisted upon by the defendant, whether the collector or the United States." [Citing cases.]

In order to justify a recovery it must affirmatively appear that these specific provisions of the law have been complied with. Not only does the record not affirmatively show that the requirements for the maintaining of a suit have been met, but on the contrary the dates set out in the petition clearly demonstrate that more than three years elapsed between the time of payment of the estate tax and the filing of a claim for refund.

The requirements of the statute and the regulations issued pursuant thereto not having been complied with, the court has no choice other than to dismiss the suit for failure to comply with the provisions that have been established by law. Accordingly, defendant's motion is granted and the petition will be dismissed.

It is so ordered.

FAHY, Circuit Judge, sitting by designation, and LARAMORE, MADDEN, and WHITAKER, Judges, concur.

---

the tax imposed by this subchapter alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax. The amount of the refund shall not exceed the portion of the tax paid during the three years immediately preceding the filing of the claim, or if no claim was filed, then during the three years immediately preceding the allowance of the refund." [26 U.S.C. (1952 ed.) § 910.]