ESTATE OF NICHOLAS SALINITRO, DECEASED, ANTOINETTE SALINITRO, EXECUTRIX, AND ANTOINETTE SALINITRO, Petitioners 1 v. COMMISSIONER OF INTERNAL REVENUE, Respondent Estate of Salinitro v. CommissionerDocket No. 39325-86United States Tax CourtT.C. Memo 1992-274; 1992 Tax Ct. Memo LEXIS 299; 63 T.C.M. (CCH) 2994; May 13, 1992, Filed *299 An appropriate order will be issued. Stephen Seltzer, for petitioners. Robert D. Kaiser, for respondent. SHIELDSSHIELDSMEMORANDUM OPINION SHIELDS, Judge: This matter is before us at this time on respondent's motion for leave to file an amended answer in order to increase the deficiency and addition to interest under section 6621(c)2 previously determined by respondent. Petitioners object to the filing of respondent's amended answer on the grounds that this case was settled in December of 1987 when they paid the amounts determined by respondent in her deficiency notice; and that with her amended answer, respondent is attempting to reopen the case and assert an increase in the deficiency and addition to interest. On their income tax return for 1982 petitioners reported income and/or claimed deductions from transactions with two tax shelters, i.e., *300 Cralin Securities Co. (Cralin) and Capital Trading Group, L.P. (Capital Trading). In a deficiency notice mailed to petitioners on July 3, 1986, respondent determined a deficiency in petitioners' income tax for 1982 in the amount of $ 7,933.30. The deficiency determined by respondent for 1982 is based in part upon the disallowance by respondent of losses reported by petitioners in transactions with Cralin and Capital Trading. In a petition filed herein on October 3, 1986, petitioners sought a redetermination of the deficiency determined by respondent for 1982. In her answer filed on November 26, 1986, respondent claimed that in addition to the deficiency set forth in the deficiency notice, petitioners were liable for additions to interest under section 6621(c) because a portion of the deficiency for 1982 constituted a substantial understatement attributable to tax-motivated transactions, i.e., the disposition of straddle positions in Cralin and Capital Trading. In a letter dated October 22, 1987, James W. Colver, an Appeals officer for respondent, advised Stephen Seltzer, counsel for petitioners, that the Cralin Tax Shelter was being considered by respondent on a national basis; *301 that petitioners' income tax liability for 1982 had been referred to him for consideration; and that a "proposal for settlement" would be forthcoming as soon as it became available. By letter dated November 19, 1987, Mr. Seltzer advised Mr. Colver as follows: On behalf of the taxpayers, I have been authorized to concede the 1982 tax deficiency of $ 7,933.30. * * * Would you be kind enough to prepare the necessary papers to close out this matter before the end of the calendar year 1987. Would you also please advise me as to the amount of interest that would be payable through December 15, 1987. By letter dated December 17, 1987, Mr. Seltzer further advised Mr. Colver as follows: I spoke with Ms. McAllister of your office on December 15, 1987 in connection with the payment of the above account. Mrs. Saninitro, [sic] on behalf of the Estate Nicholas Salinitro and herself, have authorized me to remit to you the full payment of the Notice of Deficiency of $ 7,933.30, plus interest due thereon, (through December 20, 1987) of $ 5,157.69. * * * After you have reviewed the enclosed, we trust that you will be able to prepare a Stipulation of Discontinuance and accept the enclosed checks*302 in full settlement of the amount due, pursuant to your Notice of Deficiency dated July 3, 1986. Mr. Seltzer's letter of December 17, 1987, was accompanied by two checks, both dated December 16, 1987, and made payable to the Internal Revenue Service. One check in the amount of $ 7,933.30 bore the designation that it was for the "1982 Deficiency" and the other check in the amount of $ 5,157.67 bore the designation that it was for the "1982-Interest". Upon receipt of the above letter and checks, respondent assessed the deficiency of $ 7,933.30 determined in her notice of deficiency plus the interest accrued thereon of $ 5,157.60 and applied the checks to the assessment. The record reflects no further exchange between the parties until about the end of September of 1988 when they reached an agreement with regard to petitioners' transactions with both Cralin and Capital Trading. Their agreement was reflected by the execution of separate closing agreements as indicated below. On October 3, 1988, petitioners executed a closing agreement on Form 906 with respect to respondent's challenge of petitioners' treatment of their transactions with Cralin during the years 1981 through 1985. *303 On September 30, 1988, petitioners executed a closing agreement with respect to their transactions with Capital Trading during the years 1981 through 1985. Both closing agreements were executed for respondent by Ralph D'Amato, Section Chief, Quality Review Staff, on October 14, 1988. The closing agreement with respect to Cralin reads in pertinent part as follows: Department of the Treasury-Internal Revenue Service CLOSING AGREEMENT ON FINAL DETERMINATION COVERING SPECIFIC MATTERS Under section 7121 of the Internal Revenue CodeNicholas Salinitro (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) and Antoinette Salinitro (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) 21 So. Oaks Blvd., Plainview New York 11803 and the Commissioner of Internal Revenue make the following closing agreement: WHEREAS, taxpayers are investors in CRALIN SECURITIES COMPANY * * * WHEREAS, an issue exists between the parties as to whether taxpayers are entitled to deduct losses as a result of their CRALIN SECURITIES COMPANY investment, WHEREAS, an issue exists between the parties as to whether taxpayers realized income or gains as a result of their investment, WHEREAS, the parties wish to determine with finality the treatment for Federal income tax purposes*304 of any losses incurred and the amount, if any, of income and gains realized by taxpayers as a result of their investment in CRALIN SECURITIES COMPANY partnership. NOW IT IS HEREBY DETERMINED AND AGREED, for Federal income tax purposes that: 1. Taxpayers' are not entitled to deductions, losses or credits nor are they required to report income or gains as a result of their investment in CRALIN SECURITIES COMPANY partnership except as provided herein: 2. Taxpayers' actual cash investment in CRALIN SECURITIES COMPANY partnership is $ 55,000.00. 3. As a result of the investment in CRALIN SECURITIES COMPANY partnership, taxpayers are entitled to deductions or losses as follows: a. $ 71,500 (130% of actual cash investment in 1981 [first year of investment]. b. $ 16500 (30% of actual cash investment) in 1982. 4. Taxpayers adjusted basis in CRALIN SECURITIES COMPANY partnership is zero ($ -0-) as of December 31, 1982 [last year listed in par. 3, above] 5. During the tax year 1985 the taxpayers realized and are required to recognize, ordinary income in the amount of $ 27500 (50% of actual cash investment in CRALIN SECURITIES*305 COMPANY), and long-term capital gain in the amount of $ 13750 (25% of actual cash investment in CRALIN SECURITIES COMPANY partnership) as a result of their investment in CRALIN SECURITIES COMPANY partnership. 6. Any money or other property received by the taxpayers, directly or indirectly, as a result of the investment in CRALIN SECURITIES COMPANY partnership shall constitute ordinary income in the year received. 7. The taxpayers have executed concurrently with this agreement an agreement as an investor in the CRALIN SECURITIES COMPANY partnership pursuant to I.R.C. § 6224(c) agreeing that CRALIN SECURITIES COMPANY partnership has no gains, losses, deductions or credits for the taxable years 1981 through 1985, inclusive * * *. 8. The taxpayers hereby consent to and do extend the period of limitations for assessment and collection of tax and additions to interest relating to the matters covered by this agreement for all taxable periods which are open under any provision of the Internal Revenue Code as of the date of the execution of this agreement until December 31, 1989 under the provisions of I.R.C. §§ 6501, 6229 and 6244. This extension*306 of the statutory period for assessment and collection will not shorten any otherwise applicable statutory period or preclude any further extension of such periods. 9. The addition to interest under I.R.C. §§ 6621(a) and 6621(c) is applicable to all underpayments relating to the matters covered by this agreement for all taxable periods covered by this agreement. No other additions to tax are applicable as a result of the CRALIN SECURITIES COMPANY partnership investment. 10. The Commissioner of Internal Revenue may assess against the taxpayers, without issuing the notices referred to in I.R.C. §§ 6212(a) 6221-6231 and 6241-6245, inclusive, any deficiency in tax, additions to interest and interest on such deficiencies that results from the determination prescribed in this agreement. This agreement is final and conclusive except: (1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact; (2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code section 7122; and (3) if it relates to a tax*307 period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period. By signing, the above parties certify that they have read and agreed to the terms of this document. Your signature [Antoinette M. Salinitro. exr.] Date Signed [10/3/88] [Antoinette M. Salinitro] Spouse's signature (if a joint return was filed) Date Signed [10/3/88] * * * Commissioner of Internal Revenue By [Ralph D'Amato] Dated Signed [10/14/88] Title [Section Chief, Quality Review Staff] In pertinent part the closing agreement with respect to Capital Trading reads as follows: Department of the Treasury-Internal Revenue Service CLOSING AGREEMENT ON FINAL DETERMINATION COVERING SPECIFIC MATTERS Under section 7121 of the Internal Revenue Code   Nicholas Salinitro (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) and Antoinette Salinitro (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) 21 So. Oaks Blvd., PlainviewNew York 11803 and the Commissioner of Internal Revenue make the following closing agreement: WHEREAS, taxpayers are investors in Capital Trading Group * * * WHEREAS, an issue exists between the parties as to whether taxpayers are entitled to deduct losses as a result*308 of their Capital Trading Group investment, WHEREAS, an issue exists between the parties as to whether taxpayers realized income or gains as a result of their investment, WHEREAS, the parties wish to determine with finality the treatment for Federal income tax purposes of any losses incurred and the amount, if any, of income and gains realized by taxpayers as a result of their investment in Capital Trading Group partnership. NOW IT IS HEREBY DETERMINED AND AGREED, for Federal income tax purposes that: 1. Taxpayers are not entitled to deductions, losses or credits nor are they required to report income or gains as a result of their investment in Capital Trading Group partnership except as provided herein: 2. Taxpayers' actual cash investment in Capital Trading Group partnership is $ 60,000.00. 3. As a result of the investment in Capital Trading Group partnership, taxpayers are entitled to deductions or losses as follows: a. 1979 $ 22385 ($ 10,197,583 x 15% times the taxpayers' interest in Capital Trading Group partnership as an ordinary deduction); b. 1980 $ 16409 ($ 7,475,407 x 15% x taxpayers interest in Capital Trading Group partnership*309 as an ordinary deduction.) [4. No paragraph 4 in original] 5. Taxpayers' adjusted basis in Capital Trading Group partnership is zero ($ -0-) as of December 31, 1980 [last year listed in par. 3, above] 6. During the taxable years 1979, 1980 1982 and 1985 [taxpayers] realized and are required to report income as follows, as a result of the Capital Trading Group partnership investment: a. 1979 $ 6627 ($ 3,018,9961 x 15% x taxpayers' interest in Capital Trading Group partnership as short-term capital gain); b. 1980 $ 31947 ($ 14,553917 x 15% taxpayers' interest in Capital Trading partnership as short-term capital gain); C. 1983 $ 9530 (1982 barred year loss as ordinary income). d. 1985 $ 60,000 (66 2/3 % x actual cash investment as ordinary income plus 33 1/3 % x actual cash investment in Capital Trading Group as long-term capital gain); 7. Any money or other property received by the taxpayers, directly or indirectly, as a result of the investment in Capital Trading Group partnership shall constitute ordinary income in the year received. 8. The taxpayers have executed concurrently with this agreement an agreement as an investor*310 in the Capital Trading Group partnership pursuant to I.R.C. § 6224(c) agreeing that Capital Trading Group partnership has no gains, losses, deductions or credits for the taxable years 1981 through 1985 * * *. 9. The taxpayers hereby consent to and do extend the period of limitations for assessment and collection of tax and additions to interest relating to the matters covered by this agreement for all taxable periods which are open under any provision of the Internal Revenue Code as of the date of the execution of this agreement until December 31, 1989 under the provisions of I.R.C. §§ 6501, 6229 and 6244. This extension of the statutory period for assessment and collection will not shorten any otherwise applicable statutory period or preclude any further extension of such periods. 10. The addition to interest under I.R.C. §§ 6621(a) and 6621(c) is applicable to all underpayments relating to the matters covered by this agreement for all taxable periods covered by this agreement. No other additions to tax are applicable as a result of the Capital Trading Group partnership investment. 11. The Commissioner of Internal Revenue may assess against the taxpayers, *311 without issuing the notices referred to in I.R.C. §§ 6212(a) 6221-6231 and 6241-6245, inclusive, any deficiency in tax, additions to interest and interest on such deficiencies that results from the determination prescribed in this agreement. This agreement is final and conclusive except: (1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact; (2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code section 7122; and (3) if it relates to a tax period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period. By signing, the above parties certify that they have read and agreed to the terms of this document. Your signature [Antoinette M. Salinitro, exr.] Date Signed [SEP 30 1988] Spouse's signature (if a joint return was filed) Date Signed * * * Commissioner of Internal Revenue By Dated Signed Title On February 21, 1990, respondent requested that petitioners execute for filing in this case a decision document*312 containing a deficiency for 1982 in the amount of $ 30,819.09 plus additions to interest computed pursuant to section 6621(c) on the entire deficiency as a substantial underpayment of tax from tax-motivated transactions. According to respondent the increased deficiency and additions to interest were computed by reference to the closing agreements. Petitioners refused to execute the decision document because it contained an increase in the deficiency determined by respondent in the deficiency notice which they had conceded and paid as noted hereinbefore on December 16, 1987. On July 23, 1991, respondent filed a motion for leave to file an amended answer in order to assert the increased deficiency and the resultant increase in the additions to interest. On the same date, respondent also filed with the Clerk a motion to enter a decision based upon the amended answer. Pursuant to our order the parties have filed memoranda of law and authorities for their respective positions. It is a long-settled principle that where, as in this case, taxpayers file in the Tax Court a petition seeking a redetermination of an income tax deficiency determined by respondent, they have voluntarily invoked*313 the exclusive jurisdiction of this Court for such redetermination. See secs. 6213(a), 6512(a); see also Dorl v. Commissioner, 57 T.C. 720, 721 (1972), affd. 507 F.2d 406 (2d Cir. 1974). The subsequent payment of the determination made in the deficiency notice does not deprive the Tax Court of jurisdiction. Sec. 6213(b)(4). It is equally clear that where, as here, taxpayers enter into closing agreements with respondent with respect to an income tax matter which is the subject of a suit pending in the Tax Court, the closing agreements are final and conclusive with respect to such matter and may be set aside only upon "a showing of fraud or malfeasance, or misrepresentation of a material fact". Sec. 7121(b). Since petitioners in this case have not claimed, or made any attempt to show, any fraud, malfeasance, or misrepresentation of a material fact on the part of respondent, there is no basis for setting the closing agreements aside. Furthermore, petitioners' mistaken belief that their payment, and respondent's acceptance, of the amount determined in the deficiency notice plus the interest accrued thereon disposed of their income tax liability*314 for 1982 does not constitute a sufficient reason to set aside the closing agreements. See Brinkman v. Commissioner, T.C. Memo. 1989-217, where we stated: "Section 7121 does not provide an exclusion for mistake or error of * * * a party * * * and such circumstances will not be sufficient to set aside a closing agreement"; see also Commissioner v. Ingram, 87 F.2d 915, 916 (3d Cir. 1937); Wolverine Petroleum Corp. v. Commissioner, 75 F.2d 593, 595 (8th Cir. 1935); Bankers' Reserve Life Co. v. United States, 70 Ct. Cl. 379, 42 F.2d 313, 316 (1930); Great Southern Life Ins. Co. v. United States, 70 Ct. Cl. 439, 42 F.2d 319 (1930); United States v. Bank of Commerce & Trust Co., 32 F. Supp. 942, 946 (W.D. Tenn. 1940). In view of the foregoing, we conclude that respondent is entitled to file her amended answer in order to claim the increase in the deficiency and in the addition to interest of section 6621(c). However, since under Rule 37(a) petitioners will have 30 days within which to file a reply to respondent's amended answer, we will withhold*315 action on respondent's motion for entry of decision pending receipt of petitioners' reply. An appropriate order will be issued. Footnotes1. The deficiency notice was issued to and the petition was filed by Nicholas and Antoinette Salinitro, but upon being thereafter advised that Nicholas Salinitro had died on November 23, 1987, and Antoinette Salinitro had qualified as the executrix of his estate, the caption was changed to the above.↩2. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩