## LLOYD–SMITH v. UNITED STATES.
### No. J–390.

Court of Claims.
Nov. 3, 1930.

Charles C. Parlin, of New York City (Joseph P. Cotton and Cotton & Franklin, all of New York City, on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Ralph E. Smith, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, GREEN, and LITTLETON, Judges.

LITTLETON, Judge.

■ The Commissioner of Internal Revenue allowed the refund for 1919 on March 6, 1924, under section 1324 of the Revenue Act of 1921 (42 Stat. 316). Girard Trust Co. v. United States, 270 U. S. 163, 46 S. Ct. 229, 70 L. Ed. 524. This refund resulted from an audit by the Commissioner of the original return filed by the corporation and the amended return filed by the receiver. At the time of the allowance of refund, the Commissioner determined that no interest was payable thereon under the above-mentioned section, inasmuch as no claim for refund had been filed.

We are of opinion, for the reasons set forth in Parish & Bingham Corp. et al. v. United States (Ct. Cl.) 44 F.(2d) 993, this date decided, that plaintiff is precluded by section 1312 of the Revenue Act of 1921 (42 Stat. 313) from recovering interest on the overpayment in question under the provisions of section 1324 of the Revenue Act of 1921, or section 1116 of the Revenue Act of 1926 (26 USCA § 153 note), to the date of the allowance of refund by the Commissioner. We need not, therefore, consider whether the Commissioner was right in this determination or whether the amended return filed by the receiver showing a tax liability much less than that which had been paid on the original return might be regarded as a claim for refund which would entitle plaintiff to interest under section 1324, or whether payment of interest on the refund is authorized by section 1116(c) of the Revenue Act of 1926. When the Commissioner of Internal Revenue allowed the refund, he determined that plaintiff was not entitled to interest thereon. Thereafter, on May 27, 1924, the receiver and the Commissioner, with the approval of the Secretary of the Treasury, entered into an agreement as to the final determination and assessment by the Commissioner for 1919 under the provisions of section 1312 of the Revenue Act of 1921 (42 Stat. 313). By reason of this agreement, this court is without jurisdiction, under the provisions of section 1312, supra, to annul, modify, or set aside the Commissioner's determination with respect to interest on the overpayment. Cf. Parish & Bingham Corp. et al. v. United States, supra. Plaintiff is, therefore, not entitled to recover any amount as interest under the provisions of either the Revenue Act of 1921 or the Revenue Act of 1926.

■ As to the question of interest on the amount of the overpayment from April 2, 1924, the date when payment thereof was withheld by direction of the Comptroller General, to the date of payment on June 6, 1927, the situation is different, and plaintiff is entitled to recover interest for this period. The closing agreement had no effect upon plaintiff's right to interest under the provisions of the Act of March 3, 1875, 18 Stat. 481 (31 USCA § 227), during the time payment for refund was withheld. That act provides:

"When any * * * claim duly allowed by legal authority, shall be presented to the Secretary of the Treasury for payment, and the plaintiff or claimant * * * shall be indebted to the United States in any manner, * * * it shall be the duty of the Secretary to withhold payment. * * * And if such debt is * * * already in suit, it shall be the duty of the Secretary to cause legal proceedings * * * to be prosecuted to final judgment with all reasonable dispatch. And if in such action judgment shall be rendered against the United States, * * * the balance shall then be paid over to such plaintiff * * * with 6 per centum interest thereon for the time it has been withheld from the plaintiff."

Judgment will therefore be entered in favor of plaintiff for $42,875.43, interest at 6 per cent. from April 2, 1924, to June 6, 1927. It is so ordered.

WHALEY, Judge, did not hear this case, and took no part in the decision thereof.