COLUMBIA STEEL & SHAFTING CO. v.
UNITED STATES.

No. J–107.

Court of Claims.

Nov. 3, 1930.

Newell W. Ellison, of Washington, D. C. (Covington, Burling & Rublee, of Washington, D. C., on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (D. L. Bergeron, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, GREEN, and LITTLETON, Judges.

LITTLETON, Judge.

It is argued by plaintiff that this suit is not for the purpose of annulling, modifying, or setting aside the determination or assessment by the Commissioner, but is for the recovery of interest on an overpayment as to which no reference is made in the statute or in the closing agreement. Section 1312 of the Revenue Act of 1921 (42 Stat. 313), which is entitled "Final Determinations and Assessments," provides "that if after a determination and assessment in any case * * * an agreement is made in writing, * * * that such determination and assessment shall be final and conclusive, * * * no suit, action, or proceeding to annul, modify, or set aside such determination or assessment shall be entertained by any court. * * *" It will thus be seen that no attempt was made to define what should be included within the term "determination," and the term is in no way limited to any particular question or feature of the tax account with reference to the liability of the taxpayer to the government, or of the government to the taxpayer, with the decision of which the Commissioner is charged. The provision in the section "that if * * * the taxpayer has without protest paid in whole any tax or penalty, or accepted any abatement, credit, or refund based on such determination and assessment, and an agreement is made, * * *" is not a limitation upon the "determination," but is a condition prerequisite to the right to enter into the agreement and to its validity. If the taxpayer or the government is not willing to make the determination that has been made final and conclusive, neither is required to make the agreement, but once it is made neither the taxpayer nor the government can raise any further question or make any further claim with

reference to any feature of the tax account for the particular taxable year involved.

■ We are of opinion, therefore, that, under the closing agreement and section 1312 of the Revenue Act of 1921 (42 Stat. 313) the plaintiff cannot recover, and that the court is without authority to annul, modify, or set aside the agreement. Parish & Bingham Corp. et al. v. United States (Ct. Cl.) 44 F.(2d) 993, and Wilton Lloyd-Smith, Receiver, v. United States (Ct. Cl.) 44 F.(2d) 990, this date decided.

The petition must therefore be dismissed, and it is so ordered.

WHALEY, Judge, did not hear this case and took no part in the decision thereof.