JOHNSTON v. McLAUGHLIN, Collector of Internal Revenue. *

No. 6586.

Circuit Court of Appeals, Ninth Circuit.

Feb. 8, 1932.

C. H. Sooy and Neil E. Larkin, both of San Francisco, Cal., Fitzgerald, Abbott & Beardsley, of Oakland, Cal., and Brobeck, Phleger & Harrison and Milton Newmark, all of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and McCORMICK, District Judge.

WILBUR, Circuit Judge.

This is an action to recover taxes paid by the Du Pont Milling & Sales Corporation upon its income for the year 1927, brought by its trustee in bankruptcy. The District Court rendered judgment in favor of the defendant. Plaintiff appeals.

■ In the tax return for the company for the year 1927 its net income was stated to be $12,448.72. The tax thereon estimated by the taxpayer was $1,410.58. The tax was paid by the company, and thereafter a closing agreement was executed by the company and

*Rehearing denied March 7, 1932.

the collector and approved by the Secretary of the Treasury of the United States, all in accordance with the provisions of section 606 of the Revenue Act of 1928 (26 USCA § 2606). It is provided that the agreement thus made "shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact — *  * * (2) in any suit, action, or proceeding, such agreement, or any determination assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded."

It is clear that under this statute the taxpayer cannot recover the tax paid upon a tax liability thus agreed upon unless expressly authorized by said section 606 of the Revenue Act of 1928. This is conceded by the appellant, and is so well settled by the decisions of the courts that a discussion of the matter is entirely unnecessary. By the Court of Claims: Lloyd-Smith v. United States, 44 F.(2d) 990; Parish & Bingham Corp. v. United States, 44 F.(2d) 993; Bankers' Reserve Life Co. v. United States, 42 F.(2d) 313; Aetna Life Ins. Co. v. Eaton (C. C. A. 2) 43 F.(2d) 711. These cases all arose under section 1106 (b) of the Revenue Act of 1926 (26 USCA § 1249 note), but the principles therein established are applicable to the corresponding section (606) of the Revenue Act of 1928 (45 Stat. 874 [26 USCA § 2606]). Appellant, however, contends that there was fraud perpetrated within the meaning of subdivision (b) of section 606, and therefore the closing agreement does not bar a recovery of the tax paid. Appellant's contention is based upon a somewhat unusual situation. It is stipulated that, although the report by the taxpayer showed a net income of $12,448.72 upon which a tax of $1,410.58 was justly due, the return of the taxpayer was false, in that during that year the corporation suffered a loss instead of a taxable gain. It is claimed that this false return is made by the president, Paul A. Du Pont, and the treasurer, W. P. Thompson, for the purpose of deceiving the creditors and stockholders of the corporation. The closing agreement was executed on behalf of the taxpayer by the vice president of the taxpayer corporation, Ralph D. Wilson. It is stipulated that the books of the corporation were intentionally prepared and kept under the direction of the president of the corporation, who owned and controlled the majority of its corporate stock, for the purpose of concealing the fact that the corporation suffered a net loss for the year 1927; that the income tax return was prepared for the purpose of deceiving the stockholders and creditors who were not acting in collusion with the president; that the Commissioner of Internal Revenue caused the books of the corporation to be examined, and therefrom ascertained the income of the corporation to be in accordance with the return of the taxpayer, and thereupon prepared the closing agreement "without knowledge that the facts were other than as they appeared in the return and on the audit"; that the payment of the tax was received by the collector of internal revenue with no knowledge that the facts were other than as reported in the taxpayers' return. It is stipulated that they are now creditors of the corporation who were such at the time of the payment of the tax.

It is a fundamental principle of law that no person can take advantage of his own wrong. The appellant here bases his action upon the wrong committed by the Du Pont Milling & Sales Corporation acting through its duly appointed officers. This cannot be done. If an individual taxpayer had made the tax return showing an income never actually received for the purpose of deceiving his present or prospective creditors, he could not be heard to urge in a suit against the government that he had made a false return in order to defraud his creditors. The rule is the same with reference to a corporation. The claim is here that the corporation, for the purpose of deceiving its creditors, made a false return to the government. To claim that this fraudulent purpose was also directed toward deceiving the stockholders of the corporation does not alter the fact that the trustee in bankruptcy is here asserting the rights of the corporation and not of the creditors or the stockholders. Indeed, so far as the stockholders are concerned, in view of the insolvency of the corporation, it is doubtful if they have any interest in the outcome of this litigation, but whether they have or not is entirely immaterial.

Judgment affirmed.