## WESTERN & SOUTHERN LIFE INS. CO. v. DEAN.

### No. 4301.

District Court, S. D. Ohio, W. D.

Feb. 7, 1934.

Clyde P. Johnson and Joseph O'Meara, Jr., both of Cincinnati, Ohio, for plaintiff.

Francis C. Canny, U. S. Atty., Haveth E. Mau and Frank Hier, Former Asst. U. S. Attys., and Harry A. Abrams and Frederic Johnson, Asst. U. S. Attys., all of Cincinnati, Ohio (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Edward H. Horton, Atty., Bureau of Internal Revenue, both of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., of counsel), for defendant.

NEVIN, District Judge.

This is an action at law brought by the Western & Southern Life Insurance Company against Charles M. Dean, to recover $142,-388.58, which the plaintiff company claims was illegally collected from it by the said Charles M. Dean, as Collector of Internal Revenue for the Southern District of Ohio.

There are four causes of action set out in the petition. The amount sought to be recovered represents the total amount of payments which the plaintiff claims it was unlawfully required to make for the years 1924 to 1927, inclusive. It was agreed by the parties that the case should be tried to the court without the intervention of a jury, trial by a jury being expressly waived in writing.

On March 18, 1932, there was filed with the court a stipulation of facts in which it was agreed that the facts as set forth therein shall be taken by the court as true. It is stated in paragraph 12 of the stipulation of facts as follows: "The sole issue in this case is whether plaintiff is entitled to maintain this action and to recover any portion of the taxes heretofore paid by it to the defendant for the calendar years 1923 to 1926, inclusive, in view of the foregoing stipulated facts, the provisions of section 1106 (b) of the Revenue Act of 1926 (26 USCA § 1249 note) and plaintiff's agreement made pursuant to the provisions of said section 1106 (b) of said Revenue Act of 1926 as to the final determination and assessment of plaintiff's tax liability for the calendar years 1922 to 1926, inclusive, attached hereto as Exhibit G."

As set out in the stipulation of facts and shown by Exhibit G, attached thereto: "On or about February 6, 1928, pursuant to a resolution of plaintiff's Board of Directors duly adopted at a regular meeting of said Board held at plaintiff's home office on Tuesday, December 13, 1927, authorizing him so to do, Clyde P. Johnson, Vice-President of the company, executed on behalf of said plaintiff and under the corporate seal of said plaintiff, an agreement as to the final determination and assessment of plaintiff's tax liability for the calendar years 1922, 1923, 1924, 1925 and 1926 pursuant to the provisions of section 1106 (b) of the Revenue Act of 1926. Said agreement was thereafter signed by D. H. Blair, Commissioner of Internal Revenue, and subsequently approved March 22, 1928, by Henry Herrick Bond, Acting Secretary of the Treasury." It will be noted that this closing agreement was signed on the 6th day of February, 1928, by the plaintiff company, by Clyde P. Johnson, vice president, and D. H. Blair, Commissioner of Internal Revenue. It was approved on March 22, 1928, by Henry H. Bond, Acting Secretary of the Treasury. This approval by Mr. Bond was sufficient to render the agreement binding and effective. Perry v. Page (D. C.) 3 F. Supp. 161, affirmed November 10, 1933, 67 F.(2d) 635 (C. C. A. 1).

On June 4, 1928, the Supreme Court of the United States decided the case of National Life Ins. Co. v. United States, 277 U. S. 508, 48 S. Ct. 591, 72 L. Ed. 968. In view of that decision, counsel for plaintiff company make the following claim as set out in their brief: "Section 1106 (b) of the Revenue Act of 1926 was never intended to and does not cover a situation such as is presented by this case. It was not designed by Congress to effectuate void legislation by enabling the retention of sums exacted thereunder. It therefore does not defeat the right of a taxpayer to recover payments made under an act subsequently declared to be unconstitutional. The plaintiff's claim is accordingly not barred by the agreement under section 1106 (b) the sole function and effect of which was to bring that section into operation, because the section itself, properly construed, has no applicability under the circumstances." While there is no claim of fraud or misrepresentation alleged in the petition, counsel for plaintiff in their reply brief suggest that "there was a misrepresentation," stating, among other things, as follows: "Of course, we do not suggest that there was any fraudulent misrepresentation, but that there was a misrepresentation cannot be denied. The very assessment by the Commissioner of Internal Revenue of the tax now in question necessarily implied and constituted the most positive representation that there was a law under which the tax was due. There was no such law. The statutory provisions under which the tax in question was exacted having been declared unconstitutional, never had any legal existence."

On June 2, 1933, counsel for defendant herein filed a motion for judgment on behalf of the defendant.

The court is of the opinion that, based upon its findings of fact and conclusions of law (by reference made a part hereof), this motion should be sustained. It has been repeatedly held (subsequent to the decision of the Supreme Court of the United States in the National Life Insurance Company Case, supra) that, when a taxpayer enters into a closing agreement with the Commissioner of Internal Revenue, the taxpayer is bound by the consequences thereof in accordance with the provisions of the statute, and this irrespective of the decision of the Supreme Court in the case just referred to. Aetna Life Ins. Co. v. Eaton (C. C. A.) 43 F.(2d) 711, certiorari denied 282 U. S. 887, 51 S. Ct. 90, 75 L. Ed. 782; Bankers' Reserve Life Co. v. United States (Ct. Cl.) 42 F.(2d) 313, certiorari denied 282 U. S. 871, 51 S. Ct. 77, 75 L. Ed.

769; Columbia Steel & Shafting Co. v. United States (Ct. Cl.) 44 F.(2d) 998, certiorari denied 283 U. S. 860, 51 S. Ct. 653, 75 L. Ed. 1466. See also, Johnston v. McLaughlin, 55 F.(2d) 1068 (C. C. A. 9); Hering v. Tait, 65 F.(2d) 703 (C. C. A. 4).