## MARBELITE CORPORATION OF AMERICA, Limited, v. COMMISSIONER OF INTERNAL REVENUE.

### Nos. 7685, 7686.

Circuit Court of Appeals, Ninth Circuit.

May 20, 1935.

Ben S. Hunter and Frank Mergenthaler, both of Los Angeles, Cal., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

The petitioner made a tax return for 1929 and 1930 upon the theory that it was affiliated with a subsidiary corporation known as the Marbelite Corporation of Illinois. The latter corporation had been organized by the petitioner with a capital stock of 4,000 shares of the par value of $100 each. Of this stock 2,995 shares had been issued to petitioner and five shares owned by petitioner were issued to directors as qualifying shares. On March 16, 1928, petitioner transferred 1,000 shares of its 2,995 shares to Bassler, Bippus, and Rose. The Commissioner held that the corporations were not affiliated corporations authorized to make consolidated returns because of the transfer of 1,000 shares of stock (Revenue Act 1928, c. 852, 45 Stat. 791, § 141 [26 USCA § 2141]). The petitioner appealed to the Board of Tax Appeals from the determination by the Commissioner. It alleged that "on March 16, 1928, petitioner transferred 1,000 shares of said 2995 shares of stock to the firm of Bassler, Bippus and Rose, pursuant to the terms of two agreements entered into on said date." After setting forth the terms of the agreements, it further alleged that "the petitioner contends that the contracts entered into with said Messrs. Bassler, Bippus and Rose were contrary to public policy and void, and that they held the stock as trustees for the taxpayer, * * *." The petition also alleged that the contract between Bassler, Bippus, and Rose and the petitioner provided for the issuance of said 1,000 shares of stock at the par value of $100,000 and provided that the certificate of stock so issued should have inscribed thereon a statement to the effect that the stock is issued in accordance with the terms of an agreement between the Marbelite Corporation of America, and the parties named in the certificate, and that all rights thereunder were subject to the contract. The provision of the contract referred to was that if the total business done by the Marbelite Corporation of Illinois within the states of Illinois, Michigan, Wisconsin, and Indiana shall amount to the sum of less than $1,000,000 in a period of five years, that the certificate of stock was to be returned to the petitioner.

The basis for the alleged invalidity of the contract was the allegation that the parties contemplated the use of the manufactured product of the Marbelite Corporation of America and of the Marbelite Corporation of Illinois for public improvements, and that the stock in question was issued in order to secure the influence of the certificate holder in procuring the use of such product (standards for street lights) for public improvements.

The Board of Tax Appeals held (30 B. T. A. 311) that the petitioner could not allege its own fraud in order to avoid the consequences arising from the transfer of its stock, citing in support of that holding, Johnston v. McLaughlin (C. C. A.) 55 F. (2d) 1068. In its petition to this court the petitioner alleges that it was also contended before the Board of Tax Appeals that, irrespective of the validity of the said contract, no title to the stock passed from petitioner to Bassler, Bippus, and Rose.

It was assigned as error that the Board of Tax Appeals failed to determine that the petitioner was the owner of 95 per cent. of the issued outstanding stock of the Marbelite Corporation of Illinois during the period from March 16, 1928, to February 19, 1929, and in failing to find the title to 1,000 shares of stock represented by the stock certificate issued to Bassler, Bippus, and Rose did not pass from the petitioner to them.

These assignments, of course, are not sufficient to show error because, as already stated, petitioner expressly alleged before the Board of Tax Appeals that it had transferred 1,000 shares of stock to Bassler, Bippus, and Rose. Moreover, the transfer of the certificate by the petitioner to Bassler, Bippus, and Rose made them ipso facto stockholders of the Marbelite Corporation of Illinois. It is true the stock was not transferred for services already performed, but for services to be performed. This was a sufficient consideration for the transfer of the stock. The fact that the stockholder agreed with the petitioner as transferor to retransfer the stock at the end of five years in the event the business of the Marbelite Corporation of Illinois did not exceed $1,000,000, and that the indorsement on the stock certificate was made so as to prevent a transfer to an innocent holder for value who otherwise might not be bound by the contract, is entirely immaterial.

The orders of the Board of Tax Appeals are affirmed.