**FRIEDMAN AND JOBUSCH, ARCHITECTS AND ENGINEERS, Bernard J. Friedman and Irma Friedman, Fred H. Jobusch and Josephine E. Jobusch, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

Nos. 78–2016 to 78–2018.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1980.

Decided Sept. 4, 1980.

FARRIS, Circuit Judge:

Friedman and Jobusch Architects and Engineers, Inc. and Bernard and Irma Friedman, individually, and Fred and Josephine Jobusch, individually, appeal from a decision by the United States Tax Court disqualifying from tax exempt status under I.R.C. § 501(a) a stock bonus trust created by the corporation. We affirm.

Petitioners Bernard Friedman and Fred Jobusch were principal shareholders and officers of petitioner corporation. In 1967 the corporation created a stock bonus plan intended to afford its employees a means of acquiring an ownership interest in the corporation. Under the plan, the corporation made periodic payments into a trust fund whose assets were to be used to purchase shares for distribution to the employees.

To be a qualified stock bonus plan under I.R.C. § 401(a) and thus entitled to tax exemption under I.R.C. § 501(a), petitioners' plan must be "for the exclusive benefit of his employees . . . [and] the contributions or the benefits provided under the plan [cannot] discriminate in favor of employees who are officers, shareholders, or highly compensated." I.R.C. § 401(a)(4)(A), (B), (C). The plan must be nondiscriminatory in both its form and its operation. *Cornell-Young Company v. United States*, 469 F.2d 1318, 1324 (5th Cir. 1972).

The tax court found that the stock bonus plan was discriminatory in form not because of its terms but because of independent restrictions on stock transfers embodied in the articles of incorporation and in a "Stock Purchase Agreement." [1] The articles of incorporation and the stock certificates gave the corporation the option of purchasing at "book value" the shares of any employee who wished to transfer shares or leave the employment of the corporation. The stock purchase agreement, in contrast, required the corporation or the trust to purchase at "adjusted book value"

Edward V. Lacambra, Schorr, Leonard & Felker, P.C., Tucson, Ariz., for petitioners-appellants.

Gayle P. Miller, Atty., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before CHOY, GOODWIN and FARRIS, Circuit Judges.

---

1. The District Director of the Internal Revenue Service originally determined that the plan met the requirements of I.R.C. § 401(a) and that the trust was therefore exempt from income taxation under I.R.C. § 501(a). At the time of the District Director's decision, however, he had no knowledge of stock transfer provisions in either the articles of incorporation or the stock purchase agreement.

the shares of Friedman or Jobusch upon either's death. Adjusted book value, unlike book value, included goodwill in the computation of the corporation's assets. The tax court found that this adjustment could "increase the book value of either Friedman's or Jobusch's stock holdings significantly."

Petitioners concede that the stock purchase agreement, when coupled with the transfer restrictions of the articles of incorporation, renders the stock bonus plan discriminatory in form. Petitioners contend, however, that we should not consider the effect of the stock purchase agreement since it was inconsistent with the transfer restrictions in the articles of incorporation and was thus *ultra vires* and void.

Petitioners did not raise this *ultra vires* argument before the tax court. The general rule in this circuit is that we will consider an argument for reversal raised for the first time on appeal only if it is necessary to do so to prevent a manifest injustice. *Thomason v. Klinger*, 349 F.2d 940 (9th Cir. 1965). Petitioners have not shown how our refusal to consider their *ultra vires* argument would work an injustice. Friedman and Jobusch are attempting to escape the tax consequences of a concededly discriminatory plan by advancing a technical argument based on the illegality of their own agreement. Accordingly, we decline to consider petitioner's *ultra vires* argument and affirm the tax court's conclusion that the stock bonus plan, by its form, discriminated in favor of Friedman and Jobusch.[2] Since we agree with the tax court's first ground for denial of tax exempt status, we do not address the alternative ground that the plan discriminated in favor of Friedman and Jobusch in its operation.

Affirmed.

---

2. In declining to consider petitioners' argument, we do not suggest that it has merit. It is highly doubtful that the stock purchase agreement contradicts the articles of incorporation in a way that renders the agreement *ultra vires*. Even if it were *ultra vires*, it is doubtful that petitioners could avoid tax liability here on that basis. *See Marbelite Corp. v. Commissioner*, 30 BTA 311 (1934), aff'd, 77 F.2d 713 (9th Cir. 1935).