## BANKERS' RESERVE LIFE CO. v. UNITED STATES.

### No. K–432.

### Court of Claims.

### Dec. 1, 1930.

BOOTH, Chief Justice, and GREEN, LITTLETON, WHALEY, and WILLIAMS, Judges.

Archie K. Shipe, of Washington, D. C. (Esch, Kerr, Woolley, Newton & Shipe, of Washington, D. C., on the brief), for plaintiff.

Charles B. Rugg, Asst. Atty. Gen., for defendant.

WILLIAMS, Judge.

The plaintiff brings this suit to recover $19,474.58, income taxes paid for the year 1923, together with interest thereon.

The averments in plaintiff's petition, material to the issue raised by the demurrer, are substantially as follows:

That said company is and at all times since the enactment of the Revenue Act of 1921 (42 Stat. 227), approved November 23, 1921, has been a life insurance company within the meaning of that act.

"Sec. 245 (a) That in the case of a life insurance company the term 'net income' means the gross income less—

"(1) The amount of interest received during the taxable year which under paragraph (4) of subdivision (b) of section 213 is exempt from taxation under this title:

"(2) An amount equal to the excess, if any, over the deduction specified in paragraph (1) of this subdivision, of 4 per centum of the mean of the reserve funds required by law and held at the beginning and end of the taxable year, plus (in case of life insurance companies issuing policies covering life, health, and accident insurance combined in one policy issued on the weekly premium payment plan, continuing for life and not subject to cancellation) 4 per centum of the mean of such reserve funds (not required by law) held at the beginning and end of the taxable year, as the commissioner finds to be necessary for the protection of the holders of such policies only;"

and under the interpretation given to the said act by the Commissioner of Internal Revenue, and the application thereof as so interpreted,

this company was assessed on a total net income of $219,478.17 for the year 1923, the tax on which amount at the rate of 12½ per cent. amounted to the sum of $27,434.77.

That included in and treated as a part of the company's gross income for the year 1923 was the interest received by it from its tax-exempt securities, which amounted to $417,605.46.

That the mean reserve of the company's funds for the year 1923 was $11,248,641.38, 4 per cent. of which sum was $449,945.66.

That in accordance with the provisions of said act, and the interpretation given thereto by the Commissioner of Internal Revenue, there was added to and treated as a part of the company's gross income, the income received by it from its tax-exempt securities.

That there was paid by the company to the United States on its original assessment for the year 1923 the aggregate sum of $22,821.52, as follows:

| | | |
|---|---|---|
| March | 12, 1924 | $5,705.38 |
| June | 13, 1924 | 5,705.38 |
| September | 13, 1924 | 5,705.38 |
| December | 15, 1924 | 5,705.38 |

That subsequent thereto the Commissioner of Internal Revenue adjusted the said assessment to the extent that there was added to the above assessment the sum of $2,358.96 which was paid by the company to the defendant April, 1928, making the total tax paid by the company to the defendant $25,180.48.

That on the 4th day of June, 1928, the Supreme Court of the United States in a decision rendered by it in an action between the National Life Insurance Company and the United States held that under section 245 (a) (2) of the Revenue Act of 1921, a life insurance company was entitled to deduct from its gross income 4 per cent. of the mean of its reserve, whereas under said section, as construed by the Commissioner of Internal Revenue, the liability of this and other insurance companies similarly situated, 4 per cent. of the mean of the reserve funds held by this company were diminished by said construction to the extent of the interest received by it on its tax-exempt securities, thus causing an assessment to be made against it for the year 1923 in the total amount of $25,180.48.

That the Commissioner of Internal Revenue on November 1, 1926, made a deficiency assessment of $4,613.25 against the company, which deficiency assessment related solely to the rental value of an office building which the company was erecting during the year 1923, that the company contested the correctness of the said deficiency assessment and appealed to the United States Board of Tax Appeals; that the chairman of the defendant's special advisory committee of the Bureau of Internal Revenue agreed that the sole question at issue on the said appeal was "the deduction of taxes and other expenses with respect to *real estate* owned by the company and the inclusion in income of the rental value of the space occupied"; that the contentions of the company were stipulated to be correct by the defendant's Commissioner of Internal Revenue, and on or about March 7, 1928, a stipulation was signed by the defendant's Commissioner of Internal Revenue and the company and filed with the United States Board of Tax Appeals, in which stipulation it was agreed that the correct deficiency assessment was $1,929.73 with interest, which assessment was on income derived solely from the rental on the said office building; that the United States Board of Tax Appeals entered an order of record determining the deficiency assessment as so stipulated; that there was never a trial or hearing of any character before the United States Board of Tax Appeals, and the said appeal before the Board of Tax Appeals had nothing whatever to do with any issue relating to a tax or assessment on tax-exempt securities; that if the defendant's Commissioner of Internal Revenue had taken the same position before the company took the appeal to the Board of Tax Appeals which he took after the appeal was filed there would have been no dispute, and therefore no appeal to the Board of Tax Appeals, and the company's claim for refund would have been allowed by the Commissioner of Internal Revenue under the decision of the Supreme Court in the National Life Insurance Company Case, 277 U. S. 508, 48 S. Ct. 591, 72 L. Ed. 968.

That subsequent to the decision of the Supreme Court in the said National Life Insurance Company Case, on, to wit, August 10, 1928, the defendant requested the company to sign an agreement closing its claim for the year 1923; that the company refused to sign the said agreement.

That on June 12, 1928, the company filed a petition with the defendant for refund of taxes in the sum of $19,474.58, which claim was made up as follows: Three-fourths of the regular tax paid June, September, and December, 1924, which amounts to $17,115.62, additional tax paid April, 1928, $2,358.96, total $19,474.58.

That on September 11, 1928, the defendant's Commissioner of Internal Revenue rejected the company's said claim for refund, for the reason that "under the provisions of the revenue act of 1926, the Commissioner of Internal Revenue is prohibited from reconsideration of a case which has been closed upon order of the United States Board of Tax Appeals."

No part of the sum of $19,474.58 paid to the defendant as aforesaid has been repaid to the company, and the whole of said sum, with interest from date each payment was made, remains due and owing.

That on August 16, 1929, the Commissioner of Internal Revenue, by letter, declined to reconsider the previous action of the defendant on petition of the company for said refund.

That there is due the plaintiff the sum of $19,474.58, for which it prays judgment.

The defendant demurs to the petition on the ground that the facts set forth therein do not constitute a cause of action against the United States, and that this court is without jurisdiction to hear and determine the suit.

■ The defendant contends that plaintiff's right to bring its suit is barred by the provisions of the Revenue Act of 1926, the pertinent sections of which are as follows:

"Sec. 284 * * * (d) [44 Stat. 67 (26 USCA § 1065[d])]. If the commissioner has mailed to the taxpayer a notice of deficiency under subdivision (a) of section 274 and if the taxpayer after the enactment of this Act files a petition with the Board of Tax Appeals within the time prescribed in such subdivision, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court [with certain exceptions not here present].

"Sec. 1003 (a) [44 Stat. 110 (26 USCA § 1226)]. The Circuit Courts of Appeals and the Court of Appeals of the District of Columbia shall have exclusive jurisdiction to review the decisions of the Board (except as provided in section 239 of the Judicial Code, as amended [28 USCA § 346]); and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States upon certiorari, in the manner provided in section 240 of the Judicial Code, as amended [28 USCA § 347];

"(b) Upon such review, such courts shall have power to affirm or, if the decision of the Board is not in accordance with law, to modify or to reverse the decision of the board, with or without remanding the case for a rehearing, as justice may require."

The pertinent provisions of section 1005 (44 Stat. 110 [26 USCA § 1228]), relative to the date on which the board's decision becomes final, read as follows:

"(a) The decision of the Board shall become final—

"(1) Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time.   *   *   * "

It is the position of the defendant that the plaintiff having, after the enactment of the Revenue Act of 1926, and pursuant to the provisions thereof, filed its appeal with the Board of Tax Appeals as to a deficiency in tax asserted by the Commissioner of Internal Revenue for the calendar year 1923, is precluded, under the provisions of section 284 (d) of the said act, after the decision of the said board has become final, from bringing this suit and that the court is without jurisdiction to hear and determine the same.

The plaintiff in support of the sufficiency of its petition herein contends that section 245 (a) of the Revenue Act of 1921, under the provisions of which the taxes in question were assessed, having been declared by the Supreme Court to be unconstitutional to the extent that it authorized an assessment against life insurance companies on the income from their tax-exempt securities, the assessment and collection of the taxes plaintiff seeks to recover were null and void. It is urged that there was no law under which the tax in question could be imposed and that the acts of the Commissioner of Internal Revenue in determining, assessing, and collecting the tax were null and void; that the filing by the plaintiff of its petition with the Board of Tax Appeals does not preclude it from suing for the recovery of taxes assessed and collected under an unconstitutional law.

The plaintiff further contends that its appeal to the Board of Tax Appeals was on an issue entirely unrelated to the question of the constitutionality of section 245 (a) of the Revenue Act of 1921, and that it has not had its day in court (the Board of Tax Appeals not being a court), to litigate its right to recover the tax taken from it by the defendant under an unconstitutional act of Congress. The plaintiff urges that to hold it precluded

from bringing its suit because of the filing of its appeal with the Board of Tax Appeals on a matter entirely distinct from the question in issue in this case would be denying the plaintiff its day in court and taking its money without the due process of law guaranteed by the fifth amendment to the Constitution.

When the plaintiff received the letter from the Commissioner of Internal Revenue asserting a deficiency assessment against it for the year 1923, the statutes afforded it two methods of procedure by which the correctness of the commissioner's determination as to the deficiency and all other questions in relation to the plaintiff's tax liability for the year could be fully adjudicated and determined. (1) It could pay the deficiency assessment, file a proper claim for refund and institute a suit in this court, or the District Court of the United States, for the recovery of the amount of the deficiency and also of any part or all of the taxes paid for the year, or (2) it could refuse to pay the amount of the deficiency assessment and file an appeal with the Board of Tax Appeals, by which board the validity of the deficiency assessment could be determined, together with any other claims it cared to assert as to the overpayment of its taxes for the year involved.

Either method of procedure the plaintiff might choose would afford it a forum in which every question in connection with its tax liability for the year could be judicially determined. Either method afforded the plaintiff its day in court.

Subdivision (e) of section 284, of the Revenue Act of 1926 (26 USCA § 1065(e)) provides:

"If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such over-payment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer as provided in subdivision (a)."

Under this provision of the statutes, the Board of Tax Appeals is vested with full authority, when a case has been brought before it, on appeal from a deficiency assessment by the commissioner to decide all questions, both as to deficiencies and overpayments, that can arise between a taxpayer and the Government in relation to the tax liability for the year or years in question. Ohio Steel Foundry Co. v. United States, 69 Ct. Cl. 158.

Under the 1924 Revenue Act (43 Stat. 253) no direct judicial review of proceedings before the Board of Tax Appeals was provided, both the taxpayer and the Government, however, having the right to test the correctness of the board's action in any court of competent jurisdiction. This procedure was changed in the 1926 Revenue Act and a direct judicial review of the board's decision was substituted, and the board's jurisdiction was enlarged to enable it to consider deficiencies beyond those shown in the commissioner's notice, if the commissioner made such a claim at or before the hearing, section 274 (e), 26 USCA § 1048(c) and also to determine that the taxpayer not only did not owe the tax but had overpaid, section 284(e), 26 USCA § 1065(e).

Having thus enlarged the jurisdiction of the board and provided for a review of its proceedings by the Circuit Court of Appeals, and the Circuit Court of the District of Columbia, and of the Supreme Court upon certiorari, the 1926 revenue act in section 284 (d), 26 USCA § 1065(d), in respect to those cases where the taxpayer after receipt of a deficiency notice under subdivision 274 (a), (26 USCA § 1048) files an appeal with the Board of Tax Appeals, makes the decision of the board conclusive and final, and provides that no credit or refund in respect of the tax for the year in which the commissioner has determined the deficiency shall be allowed or made, and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court.

The plaintiff in this case elected, upon the receipt of the deficiency assessment notice, to take its controversy with the Commissioner of Internal Revenue as to its tax liability for the year 1926 to the Board of Tax Appeals. This board, with the right of a judicial review of its decision granted by the statutes, afforded the plaintiff a forum with full authority and jurisdiction in which it could have a judicial determination as to every question involved in its tax liability for the year in question. Old Colony Trust Co. et al. v. Commissioner of Internal Revenue, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918; Bindley et al. v. Heiner (D. C.) 38 F.(2d) 489. The fact that the precise question presented here was not considered and determined by the board is not material. The plaintiff had the undoubted right by proper allegations in its petition to set up its claim for an overpayment before the board and to raise the question of the validity of any part of its taxes before the board and carry such question on to the

courts, had it seen fit to do so. Not having availed itself of the opportunity to litigate its right to a refund of the taxes assessed against it under section 245 (a) of the Revenue Act of 1921, in the forum of its own selection, which had ample authority to determine the same, it cannot be heard to say it has been denied its day in court.

Section 1000, title 10, of the Revenue Act of 1926 (44 Stat. 107) amending section 907 (a), title 9, of the Revenue Act of 1924, provides that notice and opportunity to be heard shall be given by the board to the taxpayer and the commissioner and that a decision shall be made as quickly as practicable. The same section, amending section 906 (d) of the Revenue Act of 1924, provides that the "decision of the Board shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered in the records of the Board." The board rendered its decision in this case and entered the necessary order specifying the amount of the deficiency. All that the law requires is that the board shall give the taxpayer a notice and an opportunity to be heard. A trial or hearing is not compulsory.

It is not alleged or shown in this case that the plaintiff was not afforded an opportunity to be heard. The signing and filing with the board of a stipulation agreeing to the amount of the deficiency is, in all respects, the equivalent of a hearing, and the entry by the board upon such stipulation of its decision satisfies the requirements of the statute. Moreover, we fail to find in the statute any requirement, when all of the matters in controversy have been agreed to by stipulation, that the board is required to have a trial or a hearing in the case.

The plaintiff in the instant case sought, in Bankers' Reserve Life Co. v. United States (No. K–408) 42 F.(2d) 313, 315, decided by this court June 16, 1930, to maintain suit for the recovery, for the year 1924, of identical taxes with those here involved, despite the fact that it had entered into an agreement in writing with the commissioner, with the approval of the Secretary of the Treasury, under the provisions of section 1106 (b) of the Revenue Act of 1926 (26 USCA § 1249 note), which section provides that if after a determination and assessment in any case the taxpayer has paid in whole any tax based on such determination and assessment, and an agreement is made in writing between the taxpayer and the commissioner, with the approval of the Secretary of the Treasury, that such determination and assessment shall be final and conclusive (except upon a showing of fraud, malfeasance, or misrepresentation of fact materially affecting the determination and assessment thus made), the case shall not be reopened, or the determination and assessment modified by any officer, employee, or agent of the United States, and no suit, action, or proceeding to annul, modify, or set aside such determination or assessment shall be entertained by any court of the United States.

It was there contended that the decision of the Supreme Court in National Life Insurance Company, supra, holding section 245 (a) (2) of the Revenue Act of 1921 unconstitutional, nullified section 1106 (b) of the Revenue Act of 1926, involving final settlement agreements between the commissioner and taxpayers; and that since said section 245 (a) (2) was unconstitutional, there was no law in existence which authorized the assessment of the tax, and since there was no law under which the tax could be imposed, the money paid by it was not in legal contemplation a tax, the agreement signed by the taxpayer and the commissioner, with the approval of the Secretary of the Treasury, was never binding in so far as it related to payments made of a tax computed under section 245 (a) of the 1921 act.

The court, holding plaintiff could not maintain its suit, said:

"We think it is plain, in view of the agreement entered into between the plaintiff and the Commissioner with the approval of the Secretary of the Treasury, that under this section this court is without jurisdiction to entertain this suit. The suit is brought for the express purpose of setting aside the determination and assessment by the Commissioner and to recover the amount paid as tax and interest for the calendar year 1924. This is prohibited by the positive provisions of section 1106 (b), and this court has no authority to ignore the provisions of that section. Congress has authority to prescribe the conditions upon which the United States may be sued. It has done so in language that is too clear to admit of doubt, and under the well-established principle that one who institutes a suit against the United States must bring the case within the authority of some act of Congress, or the court cannot exercise jurisdiction over it, plaintiff is precluded from maintaining this action. Aetna Life Insurance Co. v. Eaton [D. C.] 40 F.(2d) 965, decided by the court for the District of Connecticut on April 9, 1930. There is no showing of fraud, malfeasance, or misrepresentation of fact materially affecting the de-

termination or assessment made in this case, and the plaintiff is in no different situation than it would be if the suit were barred by the statute of limitation. In such a case the illegality of the assessment and collection would be of no assistance to plaintiff."

It is manifest from the reports of committees of the Senate and the House of Representatives upon the amendments carried in the Revenue Act of 1926, to the Revenue Act of 1924, in reference to the enlarged jurisdiction and change in the procedure before the Board of Tax Appeals, that it was the purpose of Congress not only to provide for a judicial review of the decisions of the board but to make such decisions final and conclusive both as to the Government and the taxpayer.

The report of the Committee on Finance of the Senate, Sixty-ninth Congress, first session, says:

" * * * it is accordingly proposed in section 284 (d) of the bill that the taxpayer's right to claim and sue for a refund shall be barred only if he takes the case to the board, thus preserving to him the option of paying the tax and then proceeding before the department and the courts to recover any excess payments by a claim or suit for refund.

"But if he does elect to file a petition with the board his entire tax liability for the year in question (except in case of fraud) is finally and completely settled by the decision of the board when it has become final * * *. The duty of the commissioner to assess the deficiency thus determined is mandatory, and no matter how meritorious a claim for abatement of the assessment or for refund he can not entertain it, nor can suit be maintained against the United States or the collector. Finality is the end sought to be attained by these provisions of the bill. * * * "

Section 284 (d) gives effect to the intent of Congress to attain finality to proceedings instituted before the Board of Tax Appeals by barring the right of a taxpayer who takes his case there to bring suit for refund of any part of the taxes paid for the year for which the appeal is taken to the board.

The decision of the Supreme Court in National Life Insurance case, holding unconstitutional the statute under which the taxes in question were assessed and collected, in no way affects the validity of section 284 (d), which in plain and unequivocal language bars the plaintiff from bringing this suit. Banker's Reserve Life Co. v. United States, supra.

The court is without jurisdiction to hear and determine the case, and therefore the defendant's demurrer to the petition is sustained, and the petition is dismissed.

It is so ordered.