# McMULLIN v. UNITED STATES.

## No. 45006.

### Court of Claims.

### March 3, 1941.

\*     \*

286

Chase Morsey, of St. Louis, Mo. (William R. Rodenberg, of Washington, D. C., on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and GREEN, Judges.

LITTLETON, Judge.

Under the facts set forth in the findings and the provisions of sections 308(h) and 319 of the Revenue Act of 1926, 26 U.S.C. A. Int.Rev.Acts pages 246, 259, we are of opinion that this court is without jurisdiction of the claim presented by plaintiff. When the Commissioner of Internal Revenue on April 24, 1928, made a final determination of a deficiency in respect of the tax of the estate of decedent and mailed to the estate a deficiency notice under the provisions of section 308(a), Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 244, the estate had the right to pay the additional tax and any interest thereon, file a claim for refund, and bring suit in court to recover the whole or any portion thereof, or, to file a petition with the United States Board of Tax Appeals for the redetermination of the deficiency and to raise before the Board any and all issues or questions relating to the correct estate tax liability. The Board had jurisdiction to determine not only whether the deficiency had been correctly and legally determined but whether the estate had made an overpayment of tax on the return filed. Peerless Woolen Mills v. Commissioner of Internal Revenue, 13 B.T.A. 1119, 1125. In

this case plaintiff filed a petition with the U.S. Board of Tax Appeals May 28, 1928, and the only question then raised and presented by plaintiff was that the marital interest of the widow should not have been included in the gross estate of the decedent for estate tax purposes. The facts upon which this issue was raised before the Board and the facts set forth in the deficiency notice, upon the basis of which the petition was filed with the Board, disclosed that real estate situated in Missouri had been included in the decedent's gross estate for the purpose of determining the net estate subject to tax, but no question with reference to the inclusion of the value of such real estate was raised by plaintiff before the Board. But the failure of a taxpayer who appeals to the Board of Tax Appeals to raise a certain question before the Board does not, in a case instituted before the Board after February 26, 1926, give the taxpayer a right thereafter to bring an original suit in respect of any portion of the tax for the taxable year before the Board. Nor does the failure of a taxpayer to raise and present to the Board a certain question with reference to the tax liability for such taxable year limit in any way the finality and conclusiveness of the decision of the Board as to the entire tax liability for the year involved. Section 308(a) provides for the mailing of a deficiency notice and gives the taxpayer the right to take the Commissioner's determination before the Board. Subdivision (b) provides that if the executor files a petition with the Board, the entire amount redetermined as the deficiency by the decision of the Board, which has become final, shall be assessed and shall be paid upon notice and demand from the collector. Subdivision (g) of section 308 and sections 1001(a) and 1005(a) (1), 26 U.S.C.A. Int.Rev.Acts, pages 246, 311, 314, provide that the decision of the Board in a case where no petition for review is filed shall become final six months after the decision is entered and subdivision (h) of section 308 provides that "Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the due date of the tax to the date the deficiency is assessed, * * *." Other provisions of the statutes making certain exceptions with reference to the period in which interest is collectible are not material here. Section 309(b), 26 U. S.C.A. Int.Rev.Acts, page 248, provides that "Where a deficiency, or any interest assessed in connection therewith under subdivision (h) of section 308, * * * is not paid in full within 30 days from the date of notice and demand from the collector, there shall be collected as part of the tax, interest upon the unpaid amount at the rate of 1 per centum a month from the date of such notice and demand until it is paid."

Section 319(c), 26 U.S.C.A. Int.Rev. Acts, page 259, provides that "If the Board finds that there is no deficiency and further finds that the executor has made an overpayment of tax, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the executor as provided in section 3220 of the Revised Statutes, as amended." And it also provides that such refund shall be made either (1) if claim therefor was filed within the period of limitation provided for by law, or (2) if the petition was filed with the Board within four years after the tax was paid, or, in the case of a tax imposed by the estate tax title of the 1926 act, within three years after the tax was paid. Section 319(a) (2), which are the only other provisions of section 319 pertinent to the question presented by the case at bar, provide as follows:

"(a) If the Commissioner has mailed to the executor a notice of deficiency under subdivision (a) of section 308 and if the executor after the enactment of this Act files a petition with the Board of Tax Appeals within the time prescribed in such subdivision, no refund in respect of the tax shall be allowed or made and no suit for the recovery of any part of such tax shall be instituted in any court, except— * * *

"(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Board which has become final; * * *."

The facts show that the decision of the Board, that there was a deficiency, was entered August 14, 1930, and became final and conclusive under the statute on February 14, 1931, and that the deficiency of $2,132.63, being the amount of $2,843.51 determined by the Board after the allowance of a statutory credit of $710.88 for state inheritance tax, was duly assessed February 26, 1931, in accordance with the provisions

of section 308(b), together with interest of $530.07 from the due date of the tax to the date of assessment in accordance with subdivision (h) of that section. Upon receipt of the assessment, the collector gave notice and made demand for payment of the deficiency and interest so assessed, but, for the reasons set forth in the findings, plaintiff did not make any payment under the assessment until December 19, 1938. On that date plaintiff paid a total sum of $4,112.38 which it seeks to recover in this proceeding. This amount represented the deficiency of $2,132.63 plus interest of $1,979.75. The interest of $1,582.78 collected on the deficiency in excess of the net interest of $396.97 assessed by the Commissioner thereon under the provisions of section 308(h) represented interest imposed by and collected under section 309(b) for failure of plaintiff to pay the deficiency and interest theretofore assessed within 30 days after the date of notice and demand by the collector for payment of the amount of the assessment.

Within three years after the additional tax and interest was paid plaintiff filed a claim for refund thereof, which claim was rejected on the ground that the decision of the Board was final and that allowance of any refund was prohibited by section 319(a). Plaintiff insists that it is entitled to maintain this suit and to recover the additional tax deficiency and interest collected for the reason that assessment and collection thereof were illegal because of the inclusion in the gross estate of the value of the real estate situated in the state of Missouri in direct disregard of the decision in Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156, which had been decided before the deficiency and interest was assessed and collected. The case of Crooks v. Harrelson, supra, was decided November 24, 1930, and it is conceded by defendant that if the rule announced in the decision in that case had been applied and followed by the Commissioner no deficiency or interest would have been due by the estate. But, in view of the provisions of the Revenue Act of 1926 hereinbefore referred to, that fact does not give this court jurisdiction to entertain this suit. Bankers' Reserve Life Co. v. United States, 71 Ct.Cl. 279, 44 F.2d 1000; Bindley v. Heiner, D.C., 38 F.2d 489. Plaintiff elected to take the case to the United States Board of Tax Appeals and permitted the decision of the Board to become final, and under the clear provision of the statute this court is without authority to inquire into the correctness or legality of the deficiency determined by the Board and assessed by the Commissioner, or to entertain a suit with respect to any interest collected on such deficiency in strict accordance with the provisions of the statute. Moreover, the decision of the Board did not become final until nearly three months after the Supreme Court had decided the case of Crooks v. Harrelson, supra, during which time the plaintiff could have applied to the Board for a rehearing and the correction of its decision to accord with the decision of the Supreme Court, or it could have raised this question of law by an appeal to the proper court of appeals after the decision in Crooks v. Harrelson case and before the decision of the Board became final. Legg's Estate et al. v. Commissioner of Internal Revenue, 4 Cir., 114 F.2d 760.

The petition must be dismissed. It is so ordered.