## RUBEL CORPORATION v. RASQUIN.
### Civil Nos. 1472, 1473, 1549, 1550.

District Court, E. D. New York.

Jan. 26, 1942.

Yellin & Levy, of New York City (George F. von Kolnitz, Jr., of Washington, D. C., of counsel), for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Clarence E. Dawson, Sp. Assts. to Atty. Gen., and Harold M. Kennedy, U. S. Atty., and Frank J. Parker, Asst. U. S. Atty., both of Brooklyn, N. Y., for defendant.

ABRUZZO, District Judge.

The defendant has made four motions to dismiss and for summary judgment dismissing the complaint in the four actions brought by the plaintiff.

The motion in the action numbered 1472 to recover $356,944.84 shall hereinafter be referred to as Motion No. 1. In the action, numbered 1473, to recover $368,268.22, the motion shall hereinafter be designated

as Motion No. 2. The motion in the action numbered 1549 to recover $276,534.09 shall be referred to hereinafter as Motion No. 3; and the motion in action 1559 for $326,394.50 shall be designated for the purposes of this decision as Motion No. 4.

## Motion No. 1.

The complaint, relating to this motion, seeks to recover $356,944.84 applied by the defendant to satisfy an assessment for additional Federal income taxes for the fiscal year ended March 31, 1926, against The Rubel Corporation, a corporation organized and existing under and by virtue of the laws of the State of Delaware, and hereinafter referred to as the Delaware Corporation.

It appears and the complaint alleges that for the year ended March 31, 1926, the Delaware Corporation filed with the Collector of Internal Revenue for the First District of New York at Brooklyn, New York, on or about September 15, 1926, a consolidated income tax return, including therein the income and deductions of its wholly owned subsidiary, the New York Corporation, the plaintiff herein.

On September 20, 1929, the Commissioner of Internal Revenue mailed to the Delaware Corporation a notice of deficiency for the said fiscal year ended March 31, 1926; but none to the New York Corporation. Pursuant to that notice, the Delaware Corporation filed its petition with the New York Board of Tax Appeals seeking a redetermination of the said deficiency.

The New York Corporation was erroneously joined as a petitioner in that appeal, according to the complaint, and it is set forth that the United States Board of Tax Appeals had no jurisdiction of the proceeding since no notice of deficiency had been sent to the New York Corporation.

On September 13, 1939, pursuant to a stipulation signed solely by counsel for the parties, and not by the Secretary of the Treasury of the United States, or the Under-Secretary or an Assistant Secretary, the United States Board of Tax Appeals entered its decision in this proceeding, declaring a deficiency against the Delaware Corporation in the amount of $218,982.86 for the fiscal year ended March 31, 1926. The said deficiency with interest, amounting to $356,944.84, was collected by the defendant from the plaintiff, the New York Corporation.

Paragraph IX of the complaint in the proceeding No. 1473 alleges that certain payments in the total sum of $2,096,585 were made by the plaintiff to the defendant, pending proceedings before the United States Board of Tax Appeals, which were evidently held in a suspense account to be applied against the legally and finally determined income tax liability against the plaintiff.

It is further alleged that when the assessment of $218,982.86, together with interest, totalling $356,944.84, was made against the Delaware Corporation, the defendant satisfied the same by using the moneys deposited by the plaintiff with the defendant as set forth in paragraph IX of the complaint.

The plaintiff contends that in applying the said sum, the action of the defendant was illegal and erroneous; and that the plaintiff, the New York Corporation, is entitled to a refund, in that the United States Board of Tax Appeals was without jurisdiction of its proceeding; that the said deficiency was determined against the Delaware Corporation, a taxpayer other than the plaintiff; and if the deficiency were deemed to be that of the plaintiff, its assessment and collection in September 1939 was barred by the statute of limitations.

. Plaintiff filed on or about June 17, 1940, and July 27, 1940, its original and supplemental claims for refund. Based upon the claim set forth in the aforesaid complaint, the Commissioner of Internal Revenue rendered his decision disallowing and rejecting said claim on August 23, 1940.

## Motion No. 2.

This motion is related to the action numbered 1473 which seeks to recover $368,-268.22 with interest, part of certain amounts deposited with the defendant and erroneously and illegally applied to satisfy an assessment for additional Federal income tax for the fiscal year ended March 31, 1929, made against the Rubel Corporation, a corporation organized and existing by virtue of the laws of the State of Delaware. The problem involved is analogous to that of Motion No. 1.

## Motion No. 3.

In connection with this motion, the complaint alleges that the plaintiff is entitled

to a refund of $276,534.09, with interest, the said sum being part of certain moneys deposited by the plaintiff with the defendant and applied by the latter erroneously and illegally to satisfy an assessment for an additional Federal income tax for the fiscal year ended March 31, 1927, made against the plaintiff.

The complaint further alleges that on September 13, 1939, the United States Board of Tax Appeals entered its final decision in its proceeding No. 52,763 upon a stipulation signed solely by counsel for the petitioner and counsel for the said Commissioner; and not by the Secretary of the Treasury of the United States, or the Under-Secretary or an Assistant Secretary. The decision was:

"Ordered and decided: That there are deficiencies in income tax for the fiscal year ended March 31, 1927, of $173,132.81 and for the fiscal year ended March 31, 1928, of $210,068.37.

"(Signed)   C. R. Arundell, Member."

On the same day, the United States Board of Tax Appeals entered its final decision in its proceeding No. 77,807, upon a stipulation signed only by counsel and not by the Secretary of the Treasury of the United States, or the Under-Secretary or an Assistant Secretary, which was:

"Ordered and decided: That there is no deficiency, penalty or overpayment in income tax for the fiscal year ended March 31, 1927.

"(Signed)   C. R. Arundell, Member."

Thus, there appears to be two final decisions of the United States Board of Tax Appeals rendered on the same day, by the same member, involving the same taxpayer and the same subject matter; one of which holds that there was a deficiency for the year ended March 31, 1927; the other holding that there was no deficiency for said fiscal year ended March 31, 1927.

Paragraph IX of this complaint is similar to that of the complaint in Motion No. 1, setting forth the moneys deposited with the defendant and held in a suspense account. On November 3, 1939, the defendant used part of that money to satisfy the deficiency claimed to be due.

In paragraph XI of the said complaint, it is alleged that the action of the defendant in applying the said sum of $276,534.09 as set forth in paragraph IX was illegal and erroneous and that the said sum is refundable as an overpayment to the plain-

tiff, in that the determination of the deficiency by the United States Board of Tax Appeals was null and void as well as the assessment; and that there is no legally determined additional tax liability for the fiscal year ended March 31, 1927.

Based on these facts, the plaintiff contends it is entitled to a refund; as well as on the ground that the final decisions of the United States Board of Tax Appeals are mutually repugnant and contradictory. The amount sought to be recovered is $173,132.81, with interest, aggregating the sum of $276,534.09.

On September 20, 1940, a claim for refund was duly filed with the Commissioner of Internal Revenue for the said sum of $276,534.09, setting forth the grounds for the refund. On October 3, 1940, the Commissioner disallowed and rejected the claim.

#### Motion No. 4.

The complaint related to Motion No. 4 seeks to recover $326,394.50 with interest, the said sum being part of the moneys paid by the plaintiff to the defendant at various times and erroneously and illegally applied by the defendant to satisfy an assessment for additional Federal income tax for the fiscal year ended March 31, 1929, made against the plaintiff on or about November 3, 1930.

On December 15, 1930, the Commissioner of Internal Revenue mailed a notice of deficiency to the plaintiff for the fiscal year ended March 31, 1928. On February 12, 1931, the plaintiff filed its petition with the United States Board of Tax Appeals praying for a redetermination of the deficiency. On August 13, 1934, another notice of deficiency for the fiscal year ended March 31, 1928, was mailed to the plaintiff in the total amount of $298,932.50, plus a penalty. On November 9, 1934, the plaintiff filed its petition for a redetermination of same. On September 13, 1939, two decisions, signed by the same member, involving the same taxpayer and the same subject matter, for the fiscal year ended March 31, 1928, were rendered by the United States Board of Tax Appeals; these decisions being mutually repugnant and contradictory.

The plaintiff alleges that the decisions are null and void and claims a refund of the money allegedly misapplied by the defendant out of the deposits made by the plaintiff to satisfy this deficiency.

On September 20, 1940, the plaintiff filed its claim for refund of the $326,394.-50 but it was disallowed and rejected by the Commissioner on October 3, 1940.

The situation involved in this motion is substantially the same as that in Motion No. 3.

The respective parties herein are not in dispute as to the facts. The four motions designated as No. 1, No. 2, No. 3 and No. 4, made by the defendant herein, are based on certain grounds, divided as follows:

Motions Nos. 1, 2, 3 and 4. To dismiss the action because the complaint fails to state a claim against the defendant upon which relief can be granted.

To dismiss the action because the complaint fails to state facts sufficient to show that the plaintiff has over paid its taxes for this year.

Motions Nos. 1 and 2 for the years 1926 and 1929. To dismiss the action because the allegations of the complaint show that the plaintiff voluntarily and with full knowledge of the facts paid the amount claimed for another corporation as taxes assessed against such other taxpayer and plaintiff is not entitled to recover the amount so paid.

Motions Nos. 1, 2, 3 and 4. To dismiss the action because the amount claimed in this suit was paid pursuant to a final determination of the United States Board of Tax Appeals entered in accordance with an agreement and stipulation as to the amount of the taxes and interest due and payable for this year between the plaintiff and the Commissioner of Internal Revenue, and plaintiff is now estopped to repudiate the said agreement as to the amount and validity of the said taxes and interest and said final determination of the said Board of Tax Appeals is now res judicata.

Motions Nos. 1, 2, 3 and 4. To dismiss the action because this Court has no jurisdiction to entertain this suit since the plaintiff filed a petition with the United States Board of Tax Appeals for a redetermination of the deficiency paid for this year, and this suit is expressly prohibited by Section 284 (d) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 220, and Section 322 (e) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 322(e).

Motions Nos. 1, 2, 3 and 4. To dismiss the action because plaintiff is now estopped to collaterally attack in this suit the validity of the final determination of the United States Board of Tax Appeals determining the taxes due and payable for this year.

Motions Nos. 1, 2, 3 and 4. To dismiss the action for lack of jurisdiction because the agreement between the taxpayer and the Commissioner of Internal Revenue determining the amount of taxes and interest due for this year and the subsequent payment of that amount constituted an accord and satisfaction or an account settled which must be reviewed, if at all, in the United States Court of Claims in a suit against the United States, and not in a suit against this defendant.

Motions Nos. 2, 3 and 4. To dismiss the action because no claim for refund of the amount claimed in this action was filed by the plaintiff within the time allowed for filing claims after the payment of the taxes under the provisions of Section 284 (b) (1) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 220, and Section 322 (b) (1) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 436, and this Court is without jurisdiction to entertain this suit.

The position of the plaintiff, broadly stated, is that:

1. None of the assessments were binding since the stipulations lacked the required approval of the Secretary of the Treasury of the United States, the Under-Secretary or the Assistant Secretary.

2. The assessments made by the Commissioner and their collection by the Collector under these circumstances must stand or fall on their own merits.

3. The 1926 and 1929 assessments against the Delaware Corporation were illegal and void because there was no tax due by that corporation.

4. The Board of Tax Appeals had no jurisdiction of the proceedings against that corporation and that the collection of such void assessments from the plaintiff, another taxpayer was illegal and erroneous.

5. The 1927 and 1928 assessments are illegal and void because based upon mutually contradictory decisions of the Board of said years, the collection of such void assessments is accordingly illegal and erroneous.

Motions Nos. 1, 2, 3 and 4. Summarizing the salient facts pertinent to the issue, it becomes evident that the assessments sought to be refunded by the four actions of the plaintiff were collected pursuant to

an offer of settlement submitted by Samuel Rubel, president of both the New York and Delaware corporations, in the amount of $2,000,000 including interest, dated December 14, 1936, as follows:

"Rubel Corporation
"Fulton St. & Waverly Ave.
"Brooklyn, N. Y.

"Office of the      December 14, 1936
"President
"Commissioner of Internal Revenue,
  "Washington, D. C.
    "Attention: Harold Allen, Esq.
      "Special Attorney.
   "Re: Rubel Corporation, et al.
     "Docket Nos. 46,353, et seq.

"Sir:

"There are now pending before the United States Board of Tax Appeals and/or the Bureau of Internal Revenue, the following cases involving the federal tax liability of the undersigned and its associated corporations:

"The foregoing cases have been the subject of numerous conferences extending over the past two years or more between representatives of the taxpayers, the General Counsel's office and the Bureau. The issues involved are manifold and complex. Among others are controversial questions of depreciation, obsolescence and values of upwards of 100 properties, the highly technical and unsettled phases of the "reorganization" provisions of the law, allocation of lump sum purchase prices between depreciable and nondepreciable properties, whether the deficiencies for 1926 and 1929 are barred by the statute of limitations (were the taxpayer to prevail on this point the savings in tax and interest would amount to more than a half million dollars), various complicated accounting adjustments, the nebulous distinction between capital and deductible expenditures, etc. etc.

"The conferences have been animated on both sides by a mutual endeavor to ar-

| Corporation | Fiscal Year | Docket No. |
|---|---|---|
| Rubel Corporation (New York) | Fiscal 1926 | 46,353; 46,354; 77,806 |
|  | Fiscal 1927 | 52,763; 77,807 |
|  | Fiscal 1928 | 52,763; 77,808. |
|  | Fiscal 1929 | 77,810. |
|  | Fiscal 1930 | 77,410. |
|  | Fiscal 1931 | 77,410. |
|  | Fiscal 1932 | Before the Bureau |
|  | Fiscal 1933 | Before the Bureau |
|  | Fiscal 1934 | Before the Bureau |
|  | Fiscal 1935 | Before the Bureau |
| Rubel Corporation (New York) Transferee, Huntoon Ice Co., Inc. | Cal. 1928 | 77,809 |
| Rubel Corporation (New York) Transferee, Commonwealth Fuel Co. Inc. | 1926 | |
| Rubel Corporation (Delaware) | Fiscal 1926 | 46,353, 46,354. |
|  | Fiscal 1928 | 77,810. |
|  | Fiscal 1929 | 60,540. |
|  | Fiscal 1930 | 77,409. |
|  | Fiscal 1931 | 77,409. |
| Rubel Fuel Corporation | Cal. 1927 | 59,903. |
| R. & S. Holding Corporation | Cal. 1931 | 79,199. |
|  | Cal. 1932 | 82,393. |
|  | Cal. 1933 | 82,393. |

rive at an amicable settlement of these cases without necessity of formal trial, it being realized that formal trial would entail long delay and uncertainty and undue expense, both to the Government and the taxpayers. As the result of these conferences, the representatives of the parties have become thoroughly familiar not only with the issues involved and the complicated states of fact underlying them, but have likewise realized the mutual advantage to be had by a fair and prompt disposition of the cases without litigation. To that end the undersigned proposes, in full settlement, (including interest to date) of all of the foregoing cases, paid and to be paid, the sum of Two Million ($2,000,000) Dollars, as follows:

| | |
|---|--:|
| Paid during 1936 on account of the 1932 to 1935, inclusive cases (approximately) | $ 267,000 |
| Paid by check dated Dec. 1, 1936 | 250,000 |
| To be paid prior to December 31, 1936 | 250,000 |
| Total paid and to be paid in 1936 | $ 767,000 |
| Balance to be paid as follows: $616,500 in equal monthly installments of $205,500 during the months of July, 1937, August 1937, and September, 1937; and $616,500 in equal monthly installments of $205,500 during the months of July, 1938, August, 1938 and September, 1938 | 1,233,000 |
| | $2,000,000 |

"It is understood that the undersigned may anticipate the above mentioned deferred payments, and that the said deferred payments shall carry interest at 6% from and after January 1, 1937.

"In the event that the foregoing proposal for settlement is accepted, it is further understood that stipulations will be entered into by the parties, as follows:

"1. In the cases of Rubel Corporation (New York) and Rubel Corporation (Delaware) now pending before the Board of Tax Appeals for the years 1926 to 1931 inclusive, the parties will agree upon ultimate deficiencies inclusive of interest to date, in amounts, the sum of which will equal the difference between said $2,000,000 and the amount of the deficiency (some $40,000) now tentatively determined by the Bureau in the cases of Rubel Corporation (New York) for its fiscal years 1932 to 1935, inclusive.

"2. The undersigned will execute and deliver to the Commissioner, Treasury Form 870, covering the tentative deficiency for 1932 to 1935, inclusive, which shall be assessed and paid and satisfied out of the payments heretofore made.

"3. In the case of Rubel Fuel Corporation now pending before the Board of Tax Appeals the parties will agree that there is no deficiency.

"4. In the cases of R. & S. Holding Corporation now pending before the Board of Tax Appeals the parties will agree that there are no deficiencies.

"It is further understood that the stipulations in the cases now pending before the Board will be held in escrow in your office and not filed with the Board until such time as all payments hereby proposed to be made shall have been made.

"The representatives of the undersigned hold themselves ready to consummate, on its behalf, the foregoing proposal promptly upon its acceptance.
"Respectfully,
"Rubel Corporation (New York)
"By (Signed)  Samuel Rubel
"President."

The amount suggested was deposited with the Collector of Internal Revenue, to be held in a suspense account, pending the assessments to be determined by the Commissioner. Thereafter, the Commissioner made his determinations and the assessments were paid out of the $2,000,000 in the suspense account. Subsequent to those decisions and within the required statutory time, the plaintiff filed a petition in each of the four cases with the Board of Tax Appeals, seeking a redetermination of the several assessments. The Board of Tax Appeals affirmed the Commissioner's findings. No appeal was taken by the plaintiff from this final determination. Instead, these four actions were commenced in this court.

■ At this point, the Court finds it expedient to take up the question of jurisdiction in these four cases. The facts are concededly not in dispute and the question of jurisdiction resolves itself into purely a matter of law.

The defendant has cited Section 284(d) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 220, and Section 322(c) of the Internal Revenue Code, 26 U.S.C.A.

Int.Rev.Code § 322(c), in support of the theory that this Court lacks jurisdiction of the proceedings. Section 284 of the Revenue Act of 1926, c. 27, 44 Stat. 9, provides: "(d) If the Commissioner has mailed to the taxpayer a notice of deficiency under subdivision (a) of section 274 and if the taxpayer after the enactment of this Act files a petition with the Board of Tax Appeals within the time prescribed in such subdivision, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court * * *."

Other pertinent sections of the 1926 Revenue Act are:

"Sec. 1003. (a) The Circuit Courts of Appeals and the Court of Appeals of the District of Columbia shall have exclusive jurisdiction to review the decisions of the Board (except as provided in section 239 of the Judicial Code, as amended); and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States upon certiorari, in the manner provided in section 240 of the Judicial Code, as amended." 26 U.S.C.A. Int.Rev.Code § 1141(a).

"Sec. 1005. (a) The decision of the Board shall become final—

"(1) Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time; * * *." 26 U.S.C.A. Int. Rev.Code, § 1140(a).

Bankers' Reserve Life Co. v. United States, Ct.Cl., 44 F.2d 1000, certiorari denied 283 U.S. 836, 51 S.Ct. 485, 75 L.Ed. 1448, seems to be the controlling opinion for the defendant's contention. As enunciated in that case, after the Board of Tax Appeals has rendered its decision, the Revenue Act of 1926, Section 284 (d) precludes the plaintiff from bringing suit in the district court. Two methods of procedure are afforded the plaintiff by that Act by which the correctness of the Commissioner's determination as to the assessment may be adjudicated and determined, (1) it could pay the deficiency assessment, file a proper claim for refund and institute a suit in the Court of Claims or the District Court for the recovery of the assessment or any part thereof, or (2) it could refuse to pay the amount of the assessment and file an appeal with the Board of Tax Appeals and this Board could review the validity of the assessment or any part thereof.

Bankers' Reserve Life Co. v. United States, supra, further holds that Subdivision (e) of Section 284, of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 221, vests full authority in the Board of Tax Appeals, in a case brought before it on appeal from an assessment by the commissioner, to review all matters questioned by the taxpayer; and its authority is not limited, but full and complete. Ohio Steel Foundry Co. v. United States, 69 Ct.Cl. 158, 38 F.2d 144. Having thus enlarged the jurisdiction of the Board of Tax Appeals and provided for a review of its proceedings by the Circuit Court of Appeals, the Circuit Court of the District of Columbia, and of the Supreme Court upon certiorari, the 1926 Revenue Act in section 284(d), 26 U.S.C.A. Int.Rev.Acts, page 220 makes the decision of the Board of Tax Appeals conclusive and final, and no suit by the taxpayer for the recovery of the assessment may be instituted in any court.

In the case at bar, the plaintiff elected to take its controversy to the Board of Tax Appeals, a forum with full authority and jurisdiction, the determination of which could be reviewed by the Circuit Court of Appeals or the Circuit Court of the District of Columbia. It did not avail itself of the right to such a review. The plaintiff failed to exhaust the remedies afforded taxpayers by the Revenue Act of 1926. The determination of the Board of Tax Appeals was conclusive and final. Having selected the Board of Tax Appeals, the plaintiff chose his sole remedy. The right to institute these four actions in this Court no longer exists for this Court is without jurisdiction to entertain them.

See also Warren Mfg. Co. v. Tait, D.C., 60 F.2d 982; Olds & Whipple v. United States, Ct.Cl., 22 F.Supp. 809; Green v. MacLaughlin, D.C., 55 F.2d 423; Continental Petroleum Co. v. United States, 10 Cir., 87 F.2d 91.

The case of Old Colony Trust Co. v. Commissioner of Internal Revenue, decided prior to the Bankers' Reserve Life Co. v. United States, supra, was apparently the guide post for the conclusion reached in the latter case. The Old Colony opinion, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918, clarified the confusion obviously existing before the 1926 Revenue Act. It expressly held that the aforementioned Act provided for a judicial review of the determinations by the Board of Tax Appeals. Congress,

having provided the plaintiff with the right to review the findings made by the Board of Tax Appeals, foreclosed its right to a second remedy after selecting one.

The defendant further argues in all four actions that even if it were to be assumed that this Court has jurisdiction, the complaints must be dismissed because the plaintiff is estopped from asserting its claims.

The plaintiff cites Botany Worsted Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 131, 73 L.Ed. 379, as sustaining its position that there is no estoppel. That case depended upon an oral agreement of settlement. It held that the plaintiff was not precluded from recovering the amount claimed for the reason that the oral adjustment did not constitute a binding agreement. The settlement had not been assented to by the Secretary of the Treasury. The Court, in that opinion, said:

"We think that Congress intended by the statute to prescribe the exclusive method by which tax cases could be compromised, requiring therefor the concurrence of the Commissioner and the Secretary, and prescribing the formality with which, as a matter of public concern, it should be attested in the files of the Commissioner's office; and did not intend to intrust the final settlement of such matters to the informal action of subordinate officials in the Bureau. When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode. Raleigh & G. R. Co. v. Reid, 13 Wall. 269, 270 [note], 20 L.Ed. 570; Scott v. Ford, 52 Or. 288, 296, 97 P. 99.

"It is plain that no compromise is authorized by this statute which is not assented to by the Secretary of the Treasury. Leach v. Nichols [1 Cir.], 23 F.2d 275, 277."

However, it is necessary to analyze carefully the language of the opinion immediately following the foregoing excerpt in order to evaluate the same and ascertain its logical interpretation. It reads as follows: "For this reason, if for no other, the informal agreement made in this case did not constitute a settlement which in itself was binding upon the Government or the Mills. And, without determining whether such an agreement, though not binding in itself, *may when executed become, under some circumstances, binding on the parties by estoppel * * *.*" (Italics, the Court's) The inference is clear that if the agreement had become an executed one, under certain circumstances, there may well have arisen an estoppel.

The letter of compromise in the present suits was in writing and the deposit of $2,000,000 followed the offer made in that letter. It is conceded that the statute of limitations has run and that the defendant is powerless to assess the plaintiff, no matter how equitable or legal it may be, relieving the plaintiff from the payment of any tax at all. If the construction placed upon the decision in Botany Worsted Mills v. United States, supra, by this Court is accurate, it cannot substantiate the plaintiff's contention.

The authority controlling the case at bar, it seems, is found in Baldwin v. Higgins, 19 A. F. T. G. 1341, affirmed, 2 Cir., 100 F.2d 405, which held that a consent agreement, accepted and acted upon by the Commissioner, is a binding agreement, citing Stearns Co. v. United States, 291 U.S. 54, 61-62, 54 S.Ct. 325, 78 L.Ed. 647; Backus v. United States, Ct.Cl., 59 F.2d 242; Walker v. Alamo Foods Co., 5 Cir., 16 F.2d 694. That agreement had not been assented to by the Secretary of the Treasury; but, in spite of that fact, the plaintiff was held to be estopped. That opinion expressed the following broad principle: "Furthermore, it would seem unconscionable and inequitable to permit the plaintiff to sustain a recovery based on his own broken promises. This is an equitable action and a suit based thereunder seeks abstract justice. United States v. Jefferson Electric Co., 291 U.S. 386, 402, 403, 54 S.Ct. 443, 78 L.Ed. 859." See, also, Warner Collieries Co. v. United States, 6 Cir., 63 F.2d 34; Magee v. United States, 282 U.S. 432, 434, 51 S.Ct. 195, 75 L.Ed. 442; Independent I. & C. Storage Co. v. Com'r, 5 Cir., 50 F.2d 31, 33; Lucas v. Hunt, 5 Cir., 45 F.2d 781; Pittsburgh Terminal Coal Corp. v. Heiner, D.C., 56 F.2d 1072, 1076.

This plaintiff is therefore estopped from asserting its claims and is barred from recovering.

Numerous other grounds for the dismissal of these four actions have been set forth by the defendant. All of them have been resisted by the plaintiff which, in turn, has set up several of its own reasons for the denial of the defendant's motions. The Court deems it unnecessary to explore these other points raised by the

plaintiff and defendant, since it has found that this Court is without jurisdiction to entertain these suits, and even if it were assumed that this Court could hear and determine them, the plaintiff's course of conduct has estopped it from asserting these claims.

In conformity with this decision, therefore, the four motions, designated as No. 1, No. 2, No. 3 and No. 4, for the purposes of this opinion, brought by the defendant are hereby granted.

Settle order on two (2) days' notice.