**ELBERT et ux. v. JOHNSON, Collector of Internal Revenue.**

District Court, S. D. New York.

Oct. 15, 1946.

Gustave Simons, of New York City (Louis E. Brockman, of Brooklyn, N. Y., of counsel), for plaintiff.

John F. X. McGohey, U. S. Atty., and David McKibbin, Asst. U. S. Atty., both of New York City, for defendant.

MANDELBAUM, District Judge.

Plaintiffs (husband and wife) seek recovery of $18,600 income tax allegedly overpaid for the fiscal year ended October 31, 1938, by reason of denial by the Commissioner of a credit for a barred gift tax paid in 1936.

The defendant, who is the Collector of Internal Revenue, in moving to dismiss the complaint contends (1) that the court lacks jurisdiction over the subject matter of the action and (2) assuming arguendo, that the court has jurisdiction, plaintiffs' claim is barred by the statute of limitations.

The complaint essentially alleges the following:

In 1935 plaintiff (wife) sought to make a gift of $300,000 and paid the said amount into a trust. On March 16, 1936, she paid a federal gift tax of $18,600 on said gift. The United States Board of Tax Appeals (now the Tax Court of the United States) decided in Marian Bourne Elbert v. Commissioner 45 B.T.A. 685, that no gift for tax purposes had been made. This decision was made after the time for filing a claim for refund of the said gift tax had expired.

Thereafter, plaintiffs sought to have said overpayment of the gift tax allowed in reduction of a deficiency in income taxes arising out of the same transaction in their joint income tax return for the fiscal year ending October 31, 1938.

This deduction was disallowed by the Commissioner who sent a notice of deficiency for the said fiscal year. Plaintiffs made no objection to the disallowance. But on April 11, 1942, plaintiffs filed a petition in the Tax Court of the United States for redetermination of their tax liability for the fiscal year ending October 31, 1938.

The grounds urged by the plaintiffs in support of their claim for a reduction of a deficiency in income taxes were (1) that there should have been a deduction for office expenses and (2) that the federal gift tax of $18,600 was erroneously paid and should have been allowed by way of recoupment in reduction of the asserted deficiency.

The Tax Court on November 10, 1943 (Elbert et al. v. Commissioner, 2 T. C. 892), adjudged a deficiency against plaintiffs based upon a stipulation settling the issue involving the deduction for office expenses. On the second issue of recoupment of the erroneously paid gift tax, the court held that it had no jurisdiction to allow the claimed reduction, but even if it could consider the issue of recoupment, it would deny the credit on the ground that recoupment of a barred tax liability is precluded by Sections 608 and 609(b) of the Revenue Act of 1928, 26 U.S.C.A.Int.Rev.Acts, pages 459, 460.

An appeal was taken from the decision of the Tax Court to the Circuit Court of Appeals on February 8, 1944, but the appeal was never perfected and was thereafter dismissed on November 28, 1944, the decision of the Tax Court thereby becoming final.

A deficiency in the amount of $40,068.81, without allowing the claimed credit of $18,600 for gift tax, as adjudged by the Tax Court was paid by plaintiffs on March 17, 1944.

Thereafter, on January 2, 1945, a claim for refund of $18,600 income tax for the fiscal year ending October 31, 1938, was filed by the plaintiffs with the Commissioner, based as before upon the doctrine of recoupment of the barred gift tax. More than six months having elapsed since the filing of said claim without denial or payment by the Commissioner, this suit ensued.

The government's claim that this court lacks jurisdiction over the subject matter of this suit is dependent upon the legal effect of plaintiffs' petition for redetermination filed with the Tax Court on April 11, 1942.

■ Where the Commissioner of Internal Revenue determines that there is an income tax deficiency, the taxpayer, upon receipt of a notice of deficiency, may elect to take one of two steps. He may (1) file a petition for redetermination with the Tax Court; or (2) he may pay the tax and sue for a refund in the district court.

At bar, the plaintiffs upon receiving the notice of deficiency, mailed to them by the Commissioner on January 13, 1942, in respect of their income tax for the fiscal year ending October 31, 1938, took the first alternative by filing on April 11, 1942 a petition for redetermination with the Tax Court.

Sec. 322(c) of the Revenue Acts of 1936 and 1938 sec. 322(c), I.R.C., 26 U.S.C.A. Int.Rev.Code, § 322(c), is quite clear as to what happens if a petition for redetermination is filed with the Tax Court. It reads in part:

"If the Commissioner has mailed to the taxpayer a notice of deficiency under section 272(a) and if the taxpayer files a petition with the Board of Tax Appeals within the time prescribed in such subsection, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and *no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court * * *."* (emphasis by the court)

The cases support the government's position that resort to the Tax Court precludes the alternative right to sue in the district court. Brooks v. Driscoll, 3 Cir., 114 F.2d

426, 429; Monjar v. Higgins, 2 Cir., 132 F.2d 990; Brampton Woolen Co. v. Field, 1 Cir., 56 F.2d 23 certiorari denied 287 U.S. 608, 53 S.Ct. 12, 77 L.Ed. 529.

It would therefore appear from the foregoing that the government's claim of lack of jurisdiction is well taken and this suit should fail, were it not for an additional element in the case which requires some discussion. And that is that the Tax Court, having declined to pass upon the claimed reduction of the gift tax because of lack of jurisdiction, plaintiffs are entitled to litigate that issue in a court having jurisdiction. At first blush this argument is persuasive but an examination of the authorities cited, impels the court to reject this contention. Had plaintiffs failed to file a proper petition in the Tax Court as was the case in Cutting v. United States, D.C., 26 F.Supp. 586, their argument could, perhaps, hold water. But the issue of recoupment of the gift tax was *not* the only issue raised by the petition and answer. There was an additional issue raised by the pleadings, i.e. the question of deduction of office expenses for the taxable year ending October 31, 1938, and the jurisdiction of the Tax Court was not affected even though the issue of the deduction for office expenses was settled by stipulation. Bankers' Reserve Life Co. v. United States, 44 F.2d 1000, 71 Ct.Cl. 279, certiorari denied 238 U.S. 836, 51 S.Ct. 485, 75 L.Ed. 1448.

It is the timely filing of a proper petition in the Tax Court, rather than the decision of that Court which operates to deprive the district court of jurisdiction to entertain a subsequent suit for refund. Moir v. United States, 1 Cir., 149 F.2d 455; Merrill v. United States 2 Cir., 152 F.2d 74.

So we find that plaintiffs elected to litigate the 1938 deficiency income tax determination in the Tax Court, whose decision became final by plaintiffs' failure to perfect their appeal and they are bound by their election. This court lacks jurisdiction to redetermine tax liability for the period as to which a deficiency has already been adjudged by the Tax Court, assessed by the Commissioner and paid by the plaintiffs.

In view of this determination, the government's second point regarding the statute of limitation requires no disposition.

The complaint is dismissed.